LEMUEL MARQUÉS ABRAMS y su esposa DOLORES CAMPILLO, demandantes y apelantes, *v.* SUCN. DE PEDRO GIUSTI, INC., demandada y apelada.

No. 6466.—*Sometido:* Mayo 1, 1934. *Resuelto:* Junio 22, 1934.

*José C. Rivera,* abogado de los apelantes; *Edelmiro Martínez Rivera,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los demandantes en este pleito apelaron la sentencia dictada en él por la cual se declara sin lugar la demanda por no aducir hechos determinantes de causa de acción.

Los esposos Lemuel Marqués Abrams y Dolores Campillo demandaron a la corporación Sucn. de Pedro Giusti, Inc., con la súplica de que la corte declare nulo un procedimiento sumario ejecutivo que la corporación demandada siguió en la Corte de Distrito de San Juan contra los ahora demandantes en cobro de una hipoteca en el que fué vendida en subasta la finca hipotecada, siendo adjudicada a la demandada. Como causa de acción para la declaración de nulidad alega la. demanda que la escritura de hipoteca que motivó dicho pleito en ejecución de la hipoteca que se dice originalmente constituída por los esposos demandantes y que obra en los autos de dicho pleito y· fué presentada en dicha acción como uno de los documentos necesarios para que se dictara el auto de requerimiento de pago, es un documento que no puede tener el carácter de documento público porque en él falta la firma del testigo Alfredo Vera.

Contra esa demanda formuló la corporación demandada la excepción previa de que no aduce hechos suficientes que determinen una causa de acción. La Corte de Distrito de San Juan declaró con lugar esa excepción y concedió un término a los demandantes para que enmendaran su demanda pero éstos lo renunciaron y solicitaron de la corte que dictase sentencia, lo que ésta hizo declarando sin lugar la demanda con las costas. Contra ese fallo interpusieron los demandantes la presente apelación.

 De acuerdo con nuestra Ley Notarial los documentos que se otorgan ante notario no son entregados a los otorgantes sino que el notario los conserva y forma con ellos su protocolo. Sólo entrega a las partes copias de esos docu-

mentos certificadas por él o por el que legalmente le substituya. Los protocolos así firmados son propiedad de El Pueblo de Puerto Rico. Secciones 9, 23, 28 y 34 de la Ley Notarial. Esas copias certificadas son admisibles en los tribunales. Artículo 24 de la Ley de Evidencia. La hipoteca, creadora de derechos reales sobre bienes inmuebles, tiene que constituirse en documento público. Artículo 1232 del Código Civil, edición de 1930; y los documentos en que intervenga notario se regirán por la Ley Notarial. Artículo 1171 del Código Civil. La Ley Notarial dispone en su sección 13 que en las escrituras será necesaria la presencia de dos testigos, salvo lo que disponga la ley para casos especiales: y la sección 20 declara nulos los intrumentos públicos en que no aparezcan las firmas de los testigos. Según el artículo 1177 del Código Civil la escritura defectuosa por incompetencia del notario o por otra falta en la forma tendrá el concepto de documento privado, si estuviere firmada por los otorgantes.

Con el escrito inicial del procedimiento sumario para el cobro de hipoteca tiene que acompañarse la escritura de préstamo; y con el examen de ellos el tribunal decretará o negará el requerimiento de pago, que es el primer paso del juicio sumario ejecutivo. Artículos 128 de la Ley Hipotecaria y 160 de su Reglamento.

Para resolver excepciones previas opuestas a la demanda hay que tomar como ciertos los hechos en ella alegados, por lo que la corte inferior tuvo que tener por cierto, y también nosotros para resolver esta apelación, que la escritura que se presentó para el procedimiento ejecutivo que se trata de anular no tiene la firma de uno de los testigos, como se alega en la demanda. La falta de esa firma hace nula la escritura de hipoteca como documento público, por declaración de la ley. Y como ese documento fué el presentado al tribunal en el ejecutivo y como en él tuvo que fundarse necesariamente para ordenar el requerimiento de pago y la subasta de la finca objeto del ejecutivo, hay que llegar a la conclusión de

que ese procedimiento ejecutivo es nulo, por lo que la demanda aduce causa de acción.

La copia certificada por el notario tiene la presunción de ser correcta, pero aunque estuviera equivocada por haber omitido la firma del testigo Alfredo Vera, no por eso dejaría de ser nulo el ejecutivo porque el documento que sirvió de base al tribunal para ordenar el ejecutivo fué un documento en que no constaba la firma de un testigo.

En los autos encontramos copia certificada por el secretario de la corte inferior de la copia notarial presentada en el ejecutivo, que los apelantes dicen en su alegato que acompañaron a su demanda como *exhibit*. De ella aparece que al final del documento dice el notario que leyó la escritura a los otorgantes y testigos, que la hallaron conforme los primeros y que la suscriben todos; de todo lo cual y de lo demás que relaciona o expresa el documento público da fe el notario. Tal manifestación no destruye el hecho de que no aparezca de dicha copia que la escritura fuera firmada por el testigo Alfredo Vera, con mayor motivo cuanto que esa manifestación la hace el notario antes de ser puestas las firmas en la escritura, pues éstas aparecen después de tal manifestación del notario.

La corte inferior cometió error al declarar que la demanda no aduce hechos determinantes de causa de acción y al dictar sentencia por ese motivo declarando sin lugar la demanda, así como al imponer las costas a los demandantes.

*El caso debe devolverse a la corte inferior para ulteriores procedimientos.*

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. CÓRDOVA DÁVILA

Los esposos demandantes, Lemuel Marqués y Dolores Campillo, promovieron en la Corte de Distrito de San Juan, en 15 de febrero de 1933, la presente acción, en la cual alegan que la corporación Sucn. de Pedro Giusti, Inc., en 29 de noviembre de 1932, había incoado ante la Corte de Distrito de San Juan contra los ahora demandantes, el caso civil No.

17771 sobre procedimiento ejecutivo sumario, en cobro de hipoteca constituída a favor de Pedro Giusti por los esposos referidos, garantizando un préstamo de $5,000, intereses y costas, consignada dicha hipoteca en escritura pública otorgada ante notario en 11 de marzo de 1926; que dicha hipoteca gravaba una casa de los esposos Marqués Campillo radicada en San Juan, barrio de Santurce; que el mismo día de la radicación del caso citado la Corte de Distrito de San Juan dictó una orden disponiendo el requerimiento de pago de los esposos deudores, el cual fué practicado en 3 de diciembre de 1932, por el márshal de la referida corte de distrito; que en 31 de enero de 1933 se subastó la finca hipotecada y fué adjudicada a la acreedora por precio de $3,500 en pago parcial de su crédito hipotecario.

Se alega, además, en la demanda que la copia de la escritura presentada en el caso 17771 como uno de los documentos necesarios para que se dictara el requerimiento de pago y que el juez de distrito tuvo a la vista para dictarlo, es un documento que no tiene el carácter de instrumento público, porque carece de la firma del testigo instrumental Alfredo Vera. En la súplica se pide la declaración de nulidad del ejecutivo hipotecario, del título emanado del márshal sobre la finca hipotecada a favor de la corporación acreedora, y de los asientos que haya causado en el Registro de la Propiedad. En unión de la demanda se radicó copia certificada, que expidiera el Secretario de la Corte de Distrito de San Juan, de la copia de la escritura de hipoteca que obra en los autos del ejecutivo hipotecario.

Estos son, en síntesis, los hechos alegados en la demanda, tales y como los expone en su alegato el abogado de los esposos demandantes.

La sucesión demandada excepcionó la demanda, basándose en que la misma no aduce hechos suficientes para determinar una causa de acción. Esta excepción fué declarada con lugar, concediéndose diez días a los demandantes para enmendar la

demanda, lo que rehusaron hacer, solicitando que se dictase sentencia, a lo que accedió la corte inferior.

El único error atribuído a la corte inferior consiste en haber estimado válido el ejecutivo hipotecario seguido por Sucn. de Pedro Giusti Inc., contra los esposos Marqués Campillo no obstante fundarse dicha ejecución en un título nulo.

Los apelantes parten de una base errónea. No se ha declarado que el ejecutivo hipotecario sea válido, sino que de los hechos alegados no surge su nulidad. Consecuente con este criterio la corte a quo concedió a los demandantes un término de diez días, que rehusaron, para enmendar su demanda. El ejecutivo puede ser nulo, y, sin embargo, no aparecer en las alegaciones los hechos que lo vician de nulidad. La corte inferior basa sus conclusiones en que de la faz de la demanda no surge que la escritura matriz no haya sido firmada por los testigos que exige la ley y en que la omisión de una firma en la copia no anula el contrato de hipoteca si en realidad existe en la escritura matriz. La corte inferior entiende que el defecto apuntado por los demandantes establece una causa de acción si arranca del documento original y así se alega en la demanda; pero no si por un error de copia se dejó de hacer constar el nombre del testigo como firmante de la escritura.

Los apelantes, por el contrario, sostienen que en el supuesto de que la escritura original contenga la firma de los dos testigos instrumentales, como la copia existente en el récord sobre el cual actuó el juez no contiene más que una, **el procedimiento es nulo.** Los demandantes, por lo visto, descartan la escritura matriz y hacen descansar exclusivamente la acción ejercitada en la copia de la misma que obra en autos. La escritura original puede ser válida o no. Si lo es, la causa de acción no sufre, porque a juicio de los demandantes es nulo el procedimiento ejecutivo tramitado, no a base de la escritura matriz, sino de una copia que no reúne los requisitos de ley; si no lo es, tanto mejor para ellos, porque fortalece su posición.

En una excepción previa, arguyen los apelantes, hay que admitir la certeza de los hechos alegados en la misma, y así en el presente caso hay que admitir que ciertamente en la copia de la escritura de hipoteca obrante en los autos del ejecutivo hipotecario no constaba la firma del testigo Alfredo Vera. A mayor abundamiento, continúan diciendo los apelantes, nosotros unimos a nuestra demanda copia literal de dicho documento, expedida por el Secretario de la Corte de Distrito de San Juan, guardián legal del mismo.

En su informe oral durante la vista de esta causa nos dijo el apelante que en ninguna parte del documento aparece el notario dando fe de que el testigo Alfredo Vera hubiese firmado la escritura. Los apelantes, a nuestro juicio, sufren una equivocación. De la copia del documento original que se acompañó a la demanda, copiamos lo que sigue:

"Así lo dicen y otorgan los comparecientes ante mí y a presencia de los testigos mayores de edad y de esta vecindad DON ALFREDO VERA Y DON RAMÓN NIEVES. Leo la presente escritura a los otorgantes y testigos y les advierto el derecho que tienen a leerla cada uno por sí; la hallan conforme los primeros y la suscriben todos.—De todo lo cual y de lo demás que relaciono o expreso en este instrumento público yo el notario doy fe."

Descomponiendo el párrafo que antecede, resulta, a nuestro juicio, claro que el notario da fe:

a.—De que los comparecientes don Lemuel Marqués Abrams y su esposa, y don Pedro Giusti otorgan la escritura ante él y en presencia de los testigos mayores de edad, de esta vecindad DON ALFREDO VERA Y DON RAMÓN NIEVES. (Bastardillas de la copia que obra en autos.)

b.—De que leyó la escritura a los otorgantes y testigos, advirtiéndoles el derecho que tienen de leerla cada uno por sí.

c.—De que la hallan conforme los primeros, o sea los otorgantes, y la suscriben todos, es decir, otorgantes y testigos.

Las palabras "de todo lo cual" y "de lo demás que relaciono o expreso en este instrumento público yo el notario doy fe" no pueden ser más explícitas. Las palabras "de todo lo

cual'' abarcan las declaraciones que las preceden, y las últimas se extienden al documento en general. Es verdad que la relación del documento precede necesariamente a las firmas de otorgantes y testigos; pero no es menos cierto que es el notario el último que firma, y que cuando estampa la suya su fe notarial responde de la certeza de los hechos consignados en el documento. A raíz de las palabras ''doy fe'' aparece lo siguiente en la copia de la escritura:

''Firmado: Lemuel Marqués.—Dolores Campillo de Marqués.—Pedro Giusti.—Ramón Nieves Alicea.—(Firmado, signado, sellado y rubricado) Celestino Iriarte, Jr.— . . . Es segunda copia fiel y exacta de su original que obra en mi protocolo del año mil novecientos veinte y seis a que me remito.—En fe de ello y a pedimento de la Sucesión de Don Pedro Giusti, expido la presente en San Juan de Puerto Rico, hoy día veinte y cinco de Octubre de mil novecientos treinta y dos.''

En esta última parte de la copia de la escritura se basan los apelantes para decir que no aparece en la misma la firma de Alfredo Vera. Todo indica, sin embargo, que se trata de un error de copia. La actitud de los demandantes tiende a confirmar la conclusión de la corte inferior. Si el defecto apuntado apareciese también en la escritura original, los demandantes no hubieran pedido que se dictase sentencia en su contra, cuando tan fácil les hubiese sido establecer claramente una causa de acción a su favor, haciendo uso del permiso que les concedió la corte para enmendar la demanda. Lejos de hacerlo así, descansaron en sus alegaciones y promovieron el presente recurso de apelación. Estas acciones en que se solicita la nulidad de todo un procedimiento deben estar amparadas por la buena fe y presididas por cierto espíritu de equidad. No hay duda en este caso de la deuda contraída por los demandantes. Aun cuando la firma de Alfredo Vera no aparezca en la escritura original, la verdad es que fué otorgada ante notario y que tiene la solemnidad de un documento auténtico. El deudor de una obligación exigible que solicita la anulación de un procedimiento después de ejecutada la sentencia donde se le condena al pago de esa obliga-

ción, debe presentar ante la corte todos los hechos que sean necesarios para producir la nulidad, actuando con la limpieza y altura que demandan los principios de equidad. Desde el momento en que oculta la realidad de los hechos, no puede decir que sus manos estén limpias. Si el defecto consta en la escritura original, debe alegarse lisa y llanamente, y si no existe ese defecto no debe acudirse a los tribunales de justicia para anular una sentencia, por el hecho de que se haya incurrido en un simple error de copia. A nuestro juicio la corte inferior adquirió jurisdicción para decretar la orden de requerimiento. Antes de expedirla, el tribunal tuvo bajo su consideración el escrito inicial, el certificado del registrador y la copia de la escritura. De modo que además de la fe notarial asegurando que todos los testigos suscribieron el documento, existe el certificado del registrador, quien seguramente no hubiese inscrito la escritura de hipoteca si no se le hubiera demostrado que la misma reunía todos los requisitos exigidos por la ley.

En la opinión de la mayoría se dice que según aparece al final de la escritura el notario da fe de que la leyó a los otorgantes y testigos y que la hallaron conforme los primeros y la suscriben todos; pero añade ''que tal manifestación no destruye el hecho de que no aparezca de dicha copia que la escritura fuera firmada por el testigo Alfredo Vera, con mayor motivo cuanto que esa manifestación la hace el notario antes de ser puestas las firmas en la escritura, pues éstas aparecen después de tal manifestación del notario.'' Este argumento, a nuestro juicio, parece inaceptable. La fe notarial carecería por completo de valor si no la favoreciese la presunción de que el notario antes de estampar su firma procura cerciorarse de la certeza de todas las manifestaciones contenidas en la escritura. La firma del notario, que es la última que se estampa en el documento, constituye un reconocimiento y una ratificación de todo cuanto se ha dicho anteriormente bajo su fe notarial.

Estamos conformes con la opinión de la mayoría en que la escritura defectuosa por incompetencia del notario o por otra falta en la forma, tendrá el concepto de documento privado, si estuviera firmada por los otorgantes. ¿Pero quién nos ha dicho que la escritura matriz en este caso resulta defectuosa? Este es un hecho que ignoramos porque no se alega en la demanda y porque los propios demandantes al rehusar enmendar la demanda nos han privado de la oportunidad de conocer la verdad. El hecho de que la copia pueda resultar defectuosa no quiere decir que el defecto conste de la escritura original, sobre todo después de habernos dicho el notario bajo su fe notarial que los testigos suscribieron el documento.

De acuerdo con la opinión de la mayoría aunque la escritura matriz contenga la firma de los dos testigos y reúna todos los requisitos que la ley exige, el procedimiento ejecutivo es nulo por el hecho de haber incurrido en un error de copia el notario que transcribió el documento original. He aquí un caso en que los demandantes aparecen contrayendo una obligación reconocida en documento auténtico y en que no se les ha ocasionado perjuicio alguno al cobrárseles por la vía ejecutiva la obligación por ellos contraída. Los fines de la justicia han quedado realizados; el acreedor ha hecho efectivo su crédito por la vía judicial y sin embargo, si la escritura matriz es válida, se declara nula toda la tramitación de un procedimiento ejecutivo hipotecario por un mero error de copia, obligándose a la demandada a iniciar un nuevo **procedimiento ejecutivo para hacer** efectiva la misma obligación. Y el acreedor hipotecario que se ve sometido a todas estas inconveniencias y molestias puede subsanar el error en un nuevo procedimiento simplemente con la mera formalidad de volver donde el notario y obtener una nueva copia donde se subsane la omisión. A nuestro juicio creemos que vamos demasiado lejos cuando obligamos a un acreedor a trillar el mismo camino anteriormente recorrido en el campo judicial

porque incurrió en un error que en nada ha perjudicado a su deudor.

Opinamos que la sentencia de la corte inferior ha debido ser confirmada.

Estoy autorizado para decir que el Juez Presidente Sr. del Toro está conforme con esta opinión.