Arturo Manuel Valiente Díaz, por su propio derecho y como defensor *ad litem* de María Valiente Díaz, demandante y apelante, *v.* Dr. Honorio F. Carrasquillo, demandado y apelado.

Núm. 7587.—*Sometido:* Marzo 27, 1940. *Resuelto:* Abril 4, 1940.

M. *Guzmán Texidor*, abogado de los apelantes; *Antonio Suliveres, Jr.*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Por escritura número 81 del 7 de agosto de 1928 ante el notario don Miguel Marcos Morales, José Leoncio Valiente, por sí y en representación de sus hijos menores de edad Arturo Manuel y María Valiente Díaz, previa la correspondiente autorización judicial que le concedió la Corte de Distrito de Guayama, constituyó primera hipoteca a favor del Dr. Honorio F. Carrasquillo sobre una finca rústica propiedad de los menores, radicada en Cayey, en garantía de un préstamo por la cantidad de $5,000, y créditos accesorios para intereses, costas y honorarios de abogado en caso de ejecución. Fué condición del préstamo que los intereses se pagarían por anualidades adelantadas el 7 de agosto de cada año, y no habiendo los deudores satisfecho los intereses correspondientes al año y medio anterior al 24 de febrero de 1933, en dicha fecha instó el acreedor Carrasquillo procedimiento ejecutivo en cobro del crédito, en la Corte de Distrito de Guayama, procedimiento que culminó con la adjudicación de la finca hipotecada al acreedor, el 30 de agosto de 1934. (Exposición del caso, pág. 69.)

Habiendo llegado a su mayor edad Arturo Manuel Valiente, en el año 1935 instituyó este pleito por su propio derecho y además como defensor *ad litem* de su hermana menor de edad María Valiente Díaz, interesando que se anule el procedimiento ejecutivo que les privó de la referida finca, alegando como motivos de nulidad:

(A) Que no se dió cumplimiento al artículo 169 del Reglamento para la ejecución de la Ley Hipotecaria, porque no

se acompañó con el escrito inicial copia certificada de la orden de la Corte de Distrito de Guayama autorizando al padre de los menores a constituir en representación de ellos la hipoteca que motivó el procedimiento, ni tampoco se transcribió en la escritura de hipoteca la referida orden de autorización judicial, y que, por consiguiente, no teniendo ante sí la corte la orden sobre autorización judicial, carecía de jurisdicción para despachar el auto de requerimiento.

(B) Que los ahora demandantes fueron privados de su propiedad sin el debido procedimiento de ley, porque no figuraron como demandados en el procedimiento ejecutivo hipotecario.

Se alega además en la demanda una segunda causa de acción en la que los demandantes reclaman los daños y perjuicios que alegan haber sufrido con motivo del procedimiento ejecutivo hipotecario.

Desestimada la demanda luego de un juicio en sus méritos, interpusieron los demandantes el presente recurso.

■ (A) Es verdad, conforme resulta de los autos, que no se acompañó al escrito inicial del procedimiento ejecutivo copia certificada de la orden autorizando al padre de los demandantes para constituir la hipoteca en cuestión, pero no es menos cierto que en el escrito inicial se expresó lo siguiente:

"Por escritura núm. 81 otorgada en Cayey a 7 de agosto de 1928, ante el notario Miguel Marcos Morales, José Leoncio Valiente, por sí y en nombre y representación de sus menores hijos bajo su patria potestad, Arturo Manuel y María Valiente Díaz, y *debidamente autorizado por la Hon. Corte de Distrito de Guayama en su resolución de 31 de julio de 1928 para el préstamo e hipoteca a que nos. referimos . . ."*

Tratándose como se trata en este caso de una autorización concedida por la propia corte que expidió el auto de requerimiento, y expresándose en el escrito inicial la fecha de dicha orden, sustancialmente se cumplió con el estatuto, pues la corte tenía acceso al expediente y si quería compro-

bar la existencia y términos de dicha orden judicial, que estuvo en poder del Registrador y sin la cual no se hubiera inscrito la hipoteca, fácil le hubiera sido al juez examinarla, lo mismo que si físicamente hubiese sido unida a los autos. *Id certum est quod certum reddi potest.*

Los demandantes no niegan que la autorización existió ni impugnan su suficiencia, habiéndose ofrecido y admitido en evidencia una copia certificada de la referida orden de autorización judicial. (Exposición del caso, págs. 70–74.)

El apelante invoca el caso de *Marqués* v. *Sucn. de Pedro Giusti, Inc.,* 47 D.P.R. 19, en el cual este tribunal, por mayoría de sus jueces, revocó una sentencia que sostuvo la insuficiencia de una demanda de nulidad de procedimiento ejecutivo, en la que como causa de nulidad se alegaba que la copia de la escritura de hipoteca que se presentó con el escrito inicial no tenía la firma de uno de los testigos. Se resolvió por este tribunal:

"Para resolver excepciones previas opuestas a la demanda hay que tomar como ciertos los hechos en ella alegados, por lo que la corte inferior tuvo que tener por cierto, y también nosotros para resolver esta apelación, que la escritura que se presentó para el procedimiento ejecutivo que se trata de anular no tiene la firma de uno de los testigos, como se alega en la demanda. La falta de esa firma hace nula la escritura de hipoteca como documento público, por declaración de la ley. Y como ese documento fué el presentado al tribunal en el ejecutivo y como en él tuvo que fundarse necesariamente para ordenar el requerimiento de pago y la subasta de la finca objeto del ejecutivo, hay que llegar a la conclusión de que ese procedimiento ejecutivo es nulo, por lo que la demanda aduce causa de acción.

"La copia certificada por el notario tiene la presunción de ser correcta, pero aunque estuviera equivocada por haber omitido la firma del testigo Alfredo Vera, no por eso dejaría de ser nulo el ejecutivo porque el documento que sirvió de base al tribunal para ordenar el ejecutivo fué un documento en que no constaba la firma de un testigo."

Sin que se entienda que el juez que suscribe está conforme con la opinión de la mayoría en el citado caso, a pesar del

respeto que le merecen los magistrados que la sustentaron, sostenemos que dicho caso no es de aplicación al presente. Allí se resolvió que el procedimiento ejecutivo era nulo por que era nula la escritura que tuvo ante sí el juez que expidió el requerimiento de pago. En el caso de autos la escritura de hipoteca es válida. No se acompañó una copia certificada de la orden autorizando la transacción; pero tanto en el escrito inicial como en la escritura de hipoteca expresamente se consignó que el padre de los menores había sido debidamente autorizado para ello por la propia corte a la cual se acudía, y en uno y otro documentos se consignó la fecha de la orden, constando además de la nota del Registrador al calce de la copia de la escritura, que para la inscripción había tenido a la vista otro documento, que necesariamente debió ser la orden de autorización, sin la cual no hubiera podido practicar la inscripción.

(B) El escrito inicial, que equivale a la demanda en un pleito ordinario, fué dirigido contra José Leoncio Valiente, *"por sí y en nombre y representación de sus menores hijos Arturo Manuel y María Valiente Díaz,"* lo cual equivalía a dirigir el pleito contra Arturo Manuel y María Valiente, menores de edad, y José Leoncio Valiente, por sí y en representación de sus dos indicados hijos. A nuestro juicio, se trata de una mera cuestión de forma que no afecta ni pudo afectar los derechos sustanciales de estos demandantes, máxime cuando la orden de requerimiento fué diligenciada por el márshal en la siguiente forma:

"CERTIFICO: Que en cumplimiento del presente mandamiento librado por la Hon. Corte de Distrito del Distrito Judicial de Guayama, P. R., en fecha 24 de febrero de 1933, procedí a cumplimentar el mismo y lo cumplimenté en el pueblo de Cayey, P. R., el día 11 de marzo de 1933, *requiriendo personalmente a los demandados José Leoncio Valiente, por sí y en representación de sus menores hijos Arturo Manuel y María Valiente Díaz, y a Arturo Manuel Valiente Díaz y a María Valiente Díaz, entregándoles y dejando en su poder personalmente a cada uno de ellos, una copia de la demanda, copia de la escritura de constitución de hipoteca, copia de la certificación del*

*Registrador de la Propiedad de Guayama, copia de la orden de la corte y copia de este mandamiento,* para que en el término de treinta días a contar de la fecha de este requerimiento, paguen al demandante Dr. Honorio Fernando Carrasquillo las sumas que se reclaman en el mandamiento y en la demanda, apercibiéndolos al mismo tiempo de que si así no lo hicieren, se procederá a la venta de los bienes hipotecados.

''Guayama, P. R., a 11 de marzo de 1933.''

No existiendo, a nuestro juicio, los dos únicos motivos de nulidad alegados en la demanda, *procede desestimar el recurso y confirmar la sentencia apelada.*