TEXTO COMPLETO DE LA SENTENCIA
Las apelantes, Sra. Lissette Guzmán Medina y la Sociedad de Gananciales compuesta por ella y su esposo, Ledo. Angel L. Marrero Figarella, nos solicitan que revisemos la sentencia del Tribunal de Primera Instancia, Sala Superior de Bayamón, que las condenó a pagar, solidariamente con el esposo de la Sra. Guzmán Medina, dos préstamos ascendentes a $75,000, los intereses acumulados y $7,500 por concepto de costas, gastos y honorarios de abogado.
Aducen las apelantes que incidió el tribunal a quo al dictar sentencia en rebeldía en su contra, en contravención de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, y el debido proceso de ley.
Examinado el trámite procesal del caso de autos, revocamos aquellas partes de la sentencia apelada que se refieren a la Sra. Guzmán Medina y la Sociedad de Gananciales.
*630 I
Los hechos fácticos y procesales del caso de autos, que no han sido puestos en controversia, son como sigue.
El 31 de julio de 1996, el codemandado, Ledo. Marrero Figarella, esposo de la Sra. Guzmán Medina, obtuvo del Banco Popular una línea de crédito por $50,000, garantizada por una segunda hipoteca sobre un inmueble privativo de él. En el contrato de préstamo se estipuló la suma de $5,000 para cubrir honorarios de abogado y costas, de ser necesario acudir en reclamo judicial debido al incumplimiento con los términos del contrato. La Sra. Guzmán Medina compareció en la escritura de hipoteca a los únicos efectos de ratificar que el préstamo objeto de la hipoteca es uno de carácter ganancial y que el inmueble que garantizó el préstamo es privativo del codemandado, Ledo. Marrero Figarella.
El 14 de agosto de 1998, el codemandado suscribió otro pagaré, vencedero el 14 de diciembre siguiente, a la orden del Banco Popular, obligándose a pagar la suma de $25,000 de principal, más los intereses. En este segundo préstamo se estipuló que, en caso de incumplimiento que conllevase el reclamo por la vía judicial, se incluiría en la sentencia la suma de $2,500, en concepto de costas y honorarios.
El 22 de noviembre de 1999, el Banco Popular presentó una demanda por cobro de dinero contra el Ledo. Marrero Figarella, la Sra. Guzmán Medina y la Sociedad de Gananciales compuesta por éstos, alegando el incumplimiento con los términos de los dos préstamos antes mencionados y solicitando, además, la ejecución de la hipoteca que los garantiza.
El 7 de diciembre de 1999, el Ledo. Marrero Figarella fue emplazado, en su carácter personal y como co-administrador de la Sociedad de Gananciales. Este solicitó una prórroga para contestar la demanda, la cual fue denegada el 18 de enero de 2000.
El emplazamiento de la Sra. Guzmán Medina no fue diligenciado personalmente, sino que el 21 de julio de 2000 fue emplazada por edictos, en su carácter personal y como coadministradora de la Sociedad de Gananciales. El 18 de agosto de 2000, la Sra. Guzmán Medina presentó una moción solicitando una prórroga de sesenta días para conseguir representación legal y presentar su contestación a la demanda.
Mientras tanto, desde principios del año 2000, el Banco Popular había solicitado la anotación de la rebeldía contra los demandados. El 16 de febrero de 2000, el tribunal a quo dispuso como sigue:

"Anotada rebeldía del Sr. Angel L. Marrero Figarella, su esposa Lissette Guzmán Medina y la Soc. Legal de Gananciales compuesta por ambos, según solicitada."

Dicha resolución y orden no le fue notificada a la Sra. Guzmán Medina.
El tribunal celebró una conferencia sobre el estado de los procedimientos el 31 de marzo de 2000. La minuta indica que la demandada no compareció, y que en cámara, el tribunal le anotó la rebeldía a la parte demandada. Además, le concedió a la demandante diez días para someter una declaración jurada sobre el emplazamiento del codemandado Ledo. Marrero Figarella y una moción para emplazar por edictos a la Sra. Guzmán Medina. La minuta vista fue notificada al Banco y al codemandado Ledo. Marrero Figarella, pero no a la Sra. Guzmán Medina.
El tribunal señaló vista en rebeldía para el 28 de agosto de 2000. La minuta de dicha vista asevera que la parte demandada no compareció y que el Banco indicó que su testigo no pudo comparecer por razones médicas. El Banco solicitó cinco días para radicar una moción solicitando sentencia en rebeldía parcial contra el Ledo. Marrero Figarella. La minuta indica, además, que el 18 de agosto, la Sra. Guzmán Medina había solicitado una prórroga de sesenta días para obtener representación legal y presentar su contestación a la demanda, pero nada *631 se dispuso sobre dicha solicitud. Finalmente, el tribunal dispuso como sigue: "Se señala VISTA DE REBELDIA PARCIAL PARA EL 19 DE OCTUBRE DE 2000 A LAS 9:00 DE LA MAÑANA." (Enfasis en original.)
El 19 de octubre de 2000, se celebró la vista en rebeldía parcial contra el Ledo. Marrero Figarella, y el 8 de noviembre de 2000, el tribunal a quo dictó "Sentencia en Rebeldía". Entre otros, la referida sentencia indica:

En cuanto a la co-demandada, Lissette Guzmán Medina, ésta fue emplazada mediante la publicación de edicto a esos efectos, conforme a orden emitida por este Honorable Tribunal el día 1 de junio de 2000. El edicto se publicó en el periódico The San Juan Star, el día 21 de julio de 2000, conforme a derecho. Así las cosas, el día 18 de agosto de 2000, la co-demandada Lissette Guzmán Medina compareció por derecho propio, mediante moción escrita y solicitó el término de sesenta (60) días para conseguir representación legal y contestar la demanda de autos. ”

No obstante lo anterior, se celebró una vista en rebeldía parcial en contra del co-demandado Angel L. Marrero Figarella el día 28 de agosto de 2000. Dicha vista fue [sic] suspendida a solicitud de la parte demandante, por motivo de que su testigo no pudo comparecer por razón de estar ausente de su trabajo, bajo licencia por maternidad. Se reseñaló la vista en rebeldía parcial para el 19 de octubre de 2000, notificándole copia de la minuta de dicha vista, junto con el nuevo señalamiento, a la codemandada Lissette Guzmán Medina, a su dirección de récord.
Celebrada la vista en rebeldía parcial el día 19 de octubre de 2000, compareció la parte demandante, Banco Popular, y a través de su abogado solicitó la anotación de rebeldía de la co-demandada Lissette Guzmán Medina, solicitando además que se dictara Sentencia en Rebeldía. A base de las alegaciones y la evidencia documental que obra en el expediente y de lo testificado en corte abierta por la testigo del demandante, Sra. Katia M. Vázquez Rivera, este Honorable Tribunal de Primera Instancia llega a las siguientes:

“DETERMINACIONES DE HECHOS

CONCLUSIONES DE DERECHO

SENTENCIA

A tenor con lo expuesto en el caso de Continental Insurance Company y Manuel F. Pou v. Isleta Marina, 106 D.P.R. 809 (1978), y lo dispuesto en la Regla 45 de las de Procedimiento Civil de 1979, se declara Con Lugar la Demanda y se dicta sentencia condenando a Angel L. Marrero Figarella, Lissette Guzmán Medina y la Sociedad Legal de Gananciales compuesta por ambos a pagarle solidariamente a la parte demandante las siguientes sumas:

a) La suma de $25,000.00 más intereses..., más la suma de $2,500.00 por concepto de las costas, gastos y honorarios de abogado, según pactados.

b) La suma de $50,000.00 de principal, intereses..., y una cantidad adicional de $5,000.00por concepto de costas, gastos y honorarios de abogado, según pactados.

El pago de la suma adeudada, descrita en el inciso "b" anterior, está garantizadlo] por la siguiente hipoteca:

*632
Se dispone expresamente que no existe razón para posponer dictar sentencia y se ordena el registro de la misma. Regla 43.5 de Procedimiento Civil.

En defecto del pago de las sumas adeudadas previamente señaladas, se ordena la ejecución simultánea de la prenda y de la hipoteca aquí antes descritja]s mediante la venta en pública subasta de los bienes hipotecados."

La Sra. Guzmán Medina y la Sociedad de Gananciales presentaron, oportunamente, una solicitud de reconsideración, la que no fue atendida por el tribunal a quo. Inconformes, el 5 de enero de 2001, presentaron un escrito de apelación ante este Foro. Señalan, en esencia, que dado el estado procesal del caso existente al momento de la vista celebrada 19 de octubre de 2000, el tribual a quo no podía dictar sentencia en rebeldía contra éstas. Aducen, en particular, que estaba pendiente su solicitud de prórroga, presentada el 18 de agosto de 2000, respecto a la cual el tribunal no se había expresado.
La parte apelada no nos ha presentado su alegato, a pesar de haber transcurrido en exceso el término de treinta días provistos por la Regla 22 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 22, por lo que procedemos a resolver.
II
En primer lugar, debemos examinar la alegación de la Sra. Guzmán Medina al efecto de que, bajo los hechos del caso de autos, era necesaria su participación para defender los intereses de la Sociedad de Gananciales. La doctrina procesal sobre el emplazamiento de la Sociedad de Gananciales en nuestra jurisdicción, establecida en Pauneto v. Núñez, 115 D.P.R. 591, 594 (1984), y recientemente reiterada en Blas v. Hosp. Guadalupe, 98 J.T.S. 101, es como sigue:
"Con relación a la sociedad conyugal, hemos reconocido que con el emplazamiento de uno sólo de los coadministradores de dicha sociedad es posible adquirir jurisdicción sobre la misma. Int'l. Charter Mortgage Corp. v. Registrador, 110 D.P.R. 862, 864 (1981); García v. Montero Saldaña, 107 D.P.R. 319, 341 (1978). Sin embargo, la mejor práctica es incluir a ambos como medida cautelar ante la eventualidad de que exista un conflicto de intereses." Alicea Alvarez v. Valle Bello, Inc., 111 D.P.R. 847, 854 (1982). (Enfasis suplido.)
En el caso de autos, el tribunal anotó la rebeldía al codemandado, Ledo. Marrero Figarella. Este no puede proveer una defensa adecuada de los intereses de la’sociedad de gananciales, ya que no puede presentar las alegaciones, ni desfilar la prueba, que defienda los intereses de ésta. En tales circunstancias, la defensa de los intereses de la sociedad de gananciales recae sobre la Sra. Guzmán Medina. Una sentencia dictada contra la Sra. Guzmán Medina y la Sociedad de Gananciales, en violación de las garantías provistas en las Reglas de Procedimiento Civil, supra, o las doctrinas constitucionales del debido proceso de ley, no es válida contra la Sociedad de Gananciales. Concluimos que en el presente recurso, las partes apelantes son dos, la Sra. Guzmán Medina y la Sociedad de Gananciales.
Las Reglas 45.1, 45.2 y 34.2 (B) (3) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.1, 45.2 y 34.2 (B) (3), proveen:

"Regla 45. La Rebeldía.

Regla 45.1. Anotación.

Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma, según se dispone en estas reglas, y este hecho se 
*633
pruebe mediante declaración jurada o de otro modo, el secretario anotará su rebeldía. (Enfasis suplido.)

El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2 (b) (3).

Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Regla 45.2. Sentencia.

Podrá dictarse sentencia en rebeldía en los siguientes casos:

“(a) Por el secretario. Cuando la reclamación del demandante contra un demandado sea por una suma líquida o por una suma que pueda liquidarse mediante cómputo, el secretarlo, a solicitud del demandante y al presentársele declaración jurada de la cantidad adeudada, dictará sentencia por dicha cantidad y las costas contra el demandado cuando éste haya sido declarado en rebeldía, siempre que no se trate de un menor o persona incapacitada.

(b) Por el tribunal. En todos los demás casos, la parte con derecho a una sentencia en rebeldía la solicitará del tribunal; pero no se dictará sentencia en rebeldía contra un menor o persona incapacitada, a menos que estén representados por el padre, madre, tutor, defensor judicial u otro representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba, o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre. ” (Enfasis suplido.)

Regla 34. Negativa a Descubrir lo Solicitado y sus Consecuencias

Regla 34.2. Negativa a obedecer la orden.

“(a)...

(b) Otras consecuencias. Si una parte o un funcionario o agente administrador de una parte o una persona designada para testificar a su nombre, según disponen las Reglas 27.5 o 28, dejare de cumplir una orden para llevar a cabo o permitir descubrimiento de prueba, incluyendo una orden bajo la Regla 34.1 y bajo la Regla 32, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que fueren justas, y entre ellas las siguientes:

(3) Una orden eliminando alegaciones o parte de las mismas, o suspendiendo todos los procedimientos posteriores hasta que la orden sea acatada, o desestimando el pleito o procedimiento o cualquier parte de los mismos, o dictando una sentencia en rebeldía contra la parte que incumpliere." (Enfasis suplido.)
En Vélez v. Boy Scouts of America, 98 J.T.S. 56, el Tribunal Supremo expuso en cuanto al requisito de vista evidenciaría en los casos en que se ha declarado a una parte en rebeldía, como sigue:
"Es norma claramente establecida que cuando se precisa fijar el importe ilíquido de una cuenta, o cuando *634 se precisa fijar la cuantía de daños en un caso ventilado en rebeldía, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas para recibir prueba y poder dictar sentencia. Regla 45.2(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.2(b). Véase, además, Rivera v. Insular Wire Products Corp., op. del 24 de mayo de 1996, 140 D.P.R._(1996), 96 J.T.S. 76, a la pág. 1174. Bajo cualesquiera circunstancias en que se tramite un caso en rebeldía, "la cuantía de daños debe ser objeto de prueba". Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 818 (1978). En estos casos, la prueba se limitará afijar el importe de la cuenta o el importe de los daños sin necesidad de entrar en consideraciones relativas a la responsabilidad, ya que el efecto de la rebeldía es que todas las alegaciones o aseveraciones bien hechas se tienen por admitidas. Regla 45.1 de las de Procedimiento Civil, supra; R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, Michie de P.R., 1997, a la pág. 217; J.A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Vol. 11, Publicaciones J.T.S., 1979, a la pág. 253. Sabido es que nuestro ordenamiento procesal civil le reconoce al litigante en rebeldía -que ha comparecido previamente-, el derecho a conocer del señalamiento, asistir a la vista, contrainterroqar a los testigos de la parte demandante, impugnar la cuantía de daños reclamada y revisar la sentencia." Continental Ins. Co. v. Isleta Marina, supra, a la pág. 817; Hernández Colón, supra, a la pág. 219; Cuevas Segarra, supra, a la pág. 253. ” (Enfasis suplido.)
La sentencia apelada, resultado de la vista celebrada el 19 de octubre de 2000, fue denominada "Sentencia en Rebeldía" por el tribunal a quo. En ésta se hizo constar que el 18 de agosto de 2000, las partes apelantes, Sra. Guzmán Medina y la Sociedad de Gananciales, solicitaron una prórroga de sesenta días para obtener representación legal y contestar la demanda. Al momento en que se celebró la vista, el tribunal no había dispuesto respecto a la solicitud de prórroga presentada oportunamente por las apelantes. En la sentencia tampoco dispuso expresamente sobre la misma. En vez de ello, procedió a indicar que durante la vista el Banco solicitó la anotación de la rebeldía a la Sra. Guzmán Medina y, además, que se dictase sentencia en rebeldía contra ella y la Sociedad de Gananciales. Sin disponer expresamente sobre las solicitudes de las apelantes y del Banco, procedió a dictar "Sentencia en Rebeldía" contra la Sra. Guzmán Medina, la Sociedad de Gananciales, y el Ledo. Marrero Figarella, declarándolos solidariamente responsables por las cantidades solicitadas en la demanda presentada por el Banco. El tribunal a quo incidió al actuar en dicha forma. Veamos.
El primer párrafo de la Regla 45.1, supra, provee para que el Secretario del Tribunal, y por implicación el Juez, anote la rebeldía a una parte que ha sido emplazada cuando ésta "haya dejado de presentar alegaciones o de defenderse en otra forma". La situación en el caso de autos no se puede enmarcar dentro de lo provisto por el referido primer párrafo, pues dentro de los treinta días desde la fecha del emplazamiento por edictos, éstas presentaron una solicitud de prórroga a fin de defenderse.
El segundo párrafo de la Regla 45.1, supra, dispone que ”[e]l tribunal, a iniciativa propia o a moción de parte podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.2 (b) (3)." Al examinar el texto de la Regla 34.2 (b) (3), supra, vemos que lo que ésta provee es para la anotación de rebeldía como sanción a una parte que rehúsa obedecer una orden válida del tribunal. Pero en el caso no existía ninguna orden del tribunal a las partes apelantes, ya que éste no se había expresado en cuanto a la solicitud de prórroga, por lo que es lógicamente imposible que desobedecieran orden alguna. Concluimos que tampoco procedía el declarar en rebeldía a las apelantes al amparo del segundo párrafo de la Regla 45.1, supra.
Independientemente de lo anterior, aún si previo a la vista del 19 de octubre de 2000 se hubiesen cumplido con las condiciones requeridas para anotar la rebeldía a las apelantes, tampoco procedía dictar sentencia contra éstas, pues, según veremos, no se cumplió con lo requerido por la Regla 45.2 (b), supra. Esta dispone que "[cjuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que se celebre." (Enfasis suplido.)
La minuta de la vista del 28 de agosto de 2000 indica que "[s]e señala VISTA EN REBELDIA PARCIAL PARA EL 19 DE OCTUBRE DE 2000A LAS 9:00 DE LA MAÑANA." (Enfasis en original.) Cuando se señaló la vista, se había anotado la rebeldía al codemandado, Ledo. Marrero Figarella, pero no así a la Sra. Guzmán *635 Medina y la Sociedad de Gananciales. Por lo tanto, la única interpretación razonable del señalamiento de vista en rebeldía parcial, es que la misma era para dilucidar las alegaciones contra el Ledo. Marrero Figarella. Si el propósito de la vista hubiese sido el dilucidar las responsabilidades de todas las partes demandadas,: el señalamiento de la vista se hubiese denominado Vista en Rebeldía y no Vista en Rebeldía Parcial.
La Regla 45.2(b) de Procedimiento Civil, supra, dispone que ”[s]i para que el tribunal pueda dictar sentencia o ejecutarla se hace necesario jijar el estado de una cuenta o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba, o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado". En atención a ello, la notificación de la vista en rebeldía es requisito obligatorio para la validez de una sentencia en rebeldía, ya que nuestro ordenamiento procesal civil le reconoce al litigante en rebeldía que ha comparecido previamente, el derecho a asistir a la vista, contrainterrogar a los testigos de la parte demandante, impugnar la cuantía de daños reclamada y revisar la sentencia. Rivera v. Insular Wire Products Corp., 140 D.P.R. 912, 931 (1996); Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 817 (1978); J.A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Vol. II, Publicaciones J.T.S., 1979, a la pág. 253.
A la luz del requisito de notificación sobre la celebración de vista en rebeldía incluido en la Regla 45.2 (b), supra, es forzoso concluir que la "Sentencia en Rebeldía" emitida en el caso de autos no puede adjudicar las reclamaciones contra la Sra. Guzmán Medina y la Sociedad de Gananciales, quienes habían comparecido con el propósito de solicitar prórroga para presentar su contestación a la demanda, ya que no fueron notificadas sobre la celebración de una vista para adjudicar los reclamos en su contra. Incidió el tribunal a quo al denominar su decisión "Sentencia en Rebeldía" y disponer en cuanto a la causa presentada contra la Sra. Guzmán Medina y la Sociedad de Gananciales.
III
Por las consideraciones antes expuestas, se revoca lo dispuesto en la sentencia apelada en cuanto a la Sra. Lissette Guzmán Medina y la Sociedad de Gananciales compuesta por ella y el Ledo. Marrero Figarella. Los procedimientos continuarán ante el Tribunal de Primera Instancia, respecto a dichas partes.
Así lo pronunció y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2002 DTA 3
1. La Regla 10.1 de Procedimiento Civil, 32 L.P.R.A. Ap. HI, R. 10.1, dispone que una parte emplazada por edictos tiene treinta días para presentar alegación responsiva.
2. El último párrafo de la Regla 45.1, supra, dispone que "[l]a omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía." Por ello, dicha omisión, de por sí, no es suficiente para invalidar una sentencia en rebeldía, si existen las condiciones que hubiesen permitido al tribunal anotar la rebeldía.