CÉSAR A. ALICEA ÁLVAREZ Y CARMEN ROSARIO, demandantes y recurridos, *v.* VALLE BELLO, INC., demandada y recurrente.

*Número:* R-81-385 *Resuelto:* 15 de enero de 1982

*Antonio Rosselló Rentas* y *José F. Menéndez,* abogados de la recurrente; *Augusto Palmer, Jesús E. Palmer, Santiago R.*

*Palmer* y *Rafael Arsuaga Casellas*, abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Esta es la tercera gestión ante este Tribunal, de la sociedad de gananciales constituida por César A. Alicea Álvarez, y su esposa Carmen Rosario para anular la sentencia dictada por la Sala de Bayamón del Tribunal Superior el 6 marzo, 1979 por la que se les ordenó desalojar un área de 2,100 m/c propiedad de la demandante, aquí recurrente, Valle Bello, Inc. y entregar a ésta las edificaciones en concreto que de mala fe habían allí levantado y ocupado como depósito de chatarra. La sentencia, dictada en rebeldía, descansa en prueba documental[1] que nunca ha impugnado la parte demandada y ahora recurrida. La sala de instancia denegó una moción de Regla 49.2 del demandado Alicea en la que compareció a nombre de "la parte demandada" en que solicitó relevo de la sentencia y reapertura del caso, fundada en que nunca había sido emplazado, luego de establecerse en audiencia convocada la falsedad de dicha alegación. Recurrió a este Tribunal Supremo y denegamos *certiorari* el 1° noviembre, 1979 (O-79-329), y asimismo una moción de reconsideración el 21 del mismo mes y año. El 5 diciembre, 1979 los cónyuges Alicea y Rosario presentaron demanda sobre nulidad de sentencia predicada en que la esposa no fue emplazada en la pasada acción civil, resultando ello en negación de su derecho a ser oída en pleito que afecta la sociedad de ganan-

---

[1] "(a) Escritura número cuarenta y dos (42) otorgada en la ciudad de San Juan, Puerto Rico, ante el Notario Público Edilberto Berríos Dávila, de fecha 30 de diciembre de 1974.

"(b) Plano de Segregación del solar WF-1A de la Urbanización Santa Juanita de Bayamón, P.R.

"(c) El 'Plot Plan' que ilustra donde la casa del demandado debió haberse construido.

"(d) Retratos de diferentes ángulos de la propiedad objeto de esta controversia."

ciales. (²) El Tribunal Superior (Rodríguez Ossorio, J.) acogió el fundamento de nulidad aducido, a pesar de que la acción civil impugnada estaba dirigida por la demandante Valle Bello, Inc. contra "César A. Alicea Álvarez, por sí y como Administrador de la Sociedad de Gananciales constituida entre él y su esposa Carmen Rosario" y por sentencia de 26 agosto, 1981 estimó la acción independiente que autoriza la Regla 49.2 y decretó la nulidad total de la sentencia dictada el 6 marzo, 1979 por la misma Sala (Ríos Martínez, J.). Al recurso de revisión de la ahora demandada en nulidad Valle Bello, Inc., el 22 octubre, 1981 expedimos la siguiente resolución:

> La parte recurrida tendrá de término hasta el 13 noviembre, 1981 para mostrar causa por la que no deba revocarse la sentencia considerando 1) que hubo sumisión; y 2) que la proponente de nulidad de sentencia ninguna defensa meritoria anunció contra la reclamación del demandante.

La parte recurrida sometió su escrito contestación el 2 diciembre, 1981 y ahora resolvemos.

En *L. Dershowitz & Co., Inc.* v. *Registrador*, 105 D.P.R. 267 (1976), el Tribunal Superior anuló por resolución judicial *ex parte* una escritura de compraventa otorgada a favor de los cónyuges Gonzalo Jusino y Ana Jusino, ninguno de los cuales figuraba como demandado en el pleito ni mucho menos tuvieron notificación previa de la moción en que se interesaba anular su título de dominio registrado. Hicimos valer el derecho de la viuda Ana Jusino a ser oída, por sobre la crasa violación del debido proceso de ley. Y en *Carrero Suárez* v. *Sánchez López*, 103 D.P.R. 77 (1974), anulamos una sentencia en rebeldía dictada en pleito sobre división de comunidad instado por una concubina contra el marido de otra mujer por producirse en

---

(²)No hay explicación para su tardío reclamo post sentencia final y firme, cuando pudo intervenir desde un principio y al menos desde que su marido formuló la moción de Regla 49.2 alegando que hasta entonces no se había enterado de la pendencia del pleito.

una acción en que aquél por cuenta propia y su sola comparecencia no podía obligar la sociedad de gananciales y con ello el interés de su esposa, ni aun bajo la entonces vigente disposición del Art. 1312 que le confería la administración exclusiva, pues se había colocado en insuperable situación de conflicto de intereses; y porque hubo un abandono total (³) por el marido de la defensa de la sociedad de gananciales constituida con su cónyuge, frente a una reclamación que requería depuración en la vía contenciosa, dada la imprecisión de derechos dimanantes de la relación extramarital en su choque con los intereses de la sociedad legal de gananciales en que participaba la esposa preterida.

 Por el contrario, en el presente caso el marido coadministrador de la sociedad según el Art. 91 del Código (enmendado por Ley Núm. 51 de 21 de mayo de 1976) compartía plenamente con su cónyuge la *representación* de la sociedad conyugal bajo la preceptiva del Art. 93 (31 L.P.R.A. sec. 286) (⁴) de que "[c]ualquier acto de administración unilateral de uno de los cónyuges obligará a la sociedad legal de gananciales y se presumirá válido a todos los efectos. . .". No vemos cómo pueda cuestionarse que el demandado (aquí recurrido con su esposa Carmen

---

(³) Citamos de *Carrero Suárez*: "Era aún más urgente e imperativo darle a ella participación en el caso en vista de que entre la presentación de la demanda y el juicio en rebeldía transcurrieron más de dos años sin que el marido defendiera al menos el derecho de la esposa. Hay en el marco de estos hechos la preterición de una parte que no ha tenido su día en corte y aun así sufre perjuicio en su derecho de propiedad. La acción civil de la concubina promoviendo la liquidación de una comunidad de bienes con un hombre legalmente casado aun cuando incluya al marido como única parte demandada, necesariamente afecta y somete el interés de la esposa en la sociedad de gananciales cuando según ocurre en este caso la comunidad y la sociedad conyugal han coexistido en apreciable contemporaneidad. El derecho de la esposa arranca del régimen ganancial y claramente no depende de la elección de la concubina designándola o no demandada." A las págs. 80-81.

(⁴) Art. 93—Representante de la sociedad conyugal

"Salvo lo dispuesto en el Artículo 91 [capitulaciones, compras de ambigua latitud, y enajenación de inmuebles], cualquiera de los cónyuges podrá representar legalmente a la sociedad conyugal."

Rosario), emplazado[5] en una acción claramente dirigida contra él "(César A. Alicea Álvarez) por sí y como Administrador de la Sociedad de Gananciales constituida por él y su esposa Carmen Rosario" dejó fuera de sus comparecencias en el pleito el interés de su mujer, especialmente si el afectado es precisamente la participación de ésta en la sociedad conyugal pues el inmueble en litigio lo califican como bien ganancial. Claro que esta representación de la sociedad en pleito, por uno solo de los cónyuges, perdería todo crédito y validez de darse la situación de *Carrero Suárez*, ante, en el que se percibía la impropiedad de dicha representación; y por la ausencia de formalización de la obligación reclamada, una inevitable lesión de los derechos de la mujer omitida como parte en la demanda. Mas en el presente caso la defensa del interés social por el marido fue militante: a pesar de la terminante conclusión de instancia que rechazó su alegación de que no fue emplazado, acudió a este Tribunal en *certiorari* que le fue denegado (O-79-329 — 1° nov., 1979) y que limitó al planteamiento de abuso de discreción de instancia al negar reapertura de la rebeldía, y de falta de jurisdicción por defecto de emplazamiento. Hay que inferir que con tal disposición contenciosa, no hubiera prescindido, como lo hizo, de una defensa meritoria en su moción de Regla 49.2 contra las alegaciones probadas de la demanda que lo señalaron como usurpador de 2,100 m/c de su colindante, con estructuras para depósito de chatarra. (S. 6 marzo, 1979). Ahora en el pleito independiente bajo la misma Regla 49.2 tampoco anuncia su esposa Carmen Rosario

---

[5] Su moción de Regla 49.2 de 2 abril, 1979 fundada exclusivamente en alegación de que nunca fue notificado de la demanda provocó una vista evidenciaria y la Resolución de la Sala de Bayamón de 1° junio, 1979, que dice:

"A la vista de la moción bajo la Regla 49.2 comparecieron las partes por conducto de sus respectivos abogados de récord. Escuchada la evidencia aportada por ambas partes, no tenemos duda alguna, en lo absoluto, de que el demandado fue emplazado personalmente en este caso. En virtud de ello, se declara sin lugar dicha moción."

que tenga alguna defensa meritoria que oponer pues no niega el hecho esencial de la invasión y disfrute de terreno ajeno, limitándose a cuestionar la adecuación de $10,000 de daños y perjuicios y la imposición de $2,000 de honorarios de abogado cuestiones que no movieron la discreción de este Tribunal al denegar el *certiorari*. Tampoco alega ella, codemandante con su marido en la actual acción civil independiente que éste haya de algún modo abdicado o rendido la defensa del interés de la mujer dentro de la sociedad de gananciales. En estas circunstancias, y recuérdese que el debido proceso de ley es circunstancial y pragmático (*Domínguez Talavera* v. *Tribunal Superior*, 102 D.P.R. 423, 428 (1974)), la falta de notificación de un emplazamiento a la esposa personalmente no suscita lesión de derecho con potencialidad de inquietar lo juzgado. A análoga conclusión llegamos frente al planteamiento crítico de falta de inclusión de menores de edad como deudores demandados en ejecutivo sumario hipotecario. *Valiente* v. *Carrasquillo*, 56 D.P.R. 471, 473 (1940). A pesar de que no se suscitó la cuestión de defensa efectiva del interés de los menores, este Tribunal se anticipó a la actual Regla 50 de Procedimiento Civil al resolver que "se trata de una mera cuestión de forma que no afecta ni pudo afectar los derechos *sustanciales* de estos demandantes. . .". (Énfasis nuestro.)

▆▆▆▆ La falta de mención de la mujer de modo específico como parte demandada, de llevar a un máximo teórico el rigor de las enmiendas por Ley Núm. 51 de 1976 al Código en materia de administración y representación compartidas, considerados los hechos del presente caso, no tendría más repercusión en la legalidad de lo actuado por el tribunal que la del error no perjudicial al que la Regla 50 de Procedimiento Civil niega consecuencia de dejar sin efecto, modificar, o de otro modo alterar una sentencia u orden a menos que resulte incompatible con la *justicia sustancial*. Con gran claridad, instruye dicha Regla 50 al

final: "Durante el curso del procedimiento el tribunal deberá hacer caso omiso de cualquier error o defecto en el mismo que no afecte los derechos sustanciales de las partes." La reserva de derecho configurada en la acción independiente de la Regla 49.2 de Procedimiento Civil está predicada en la justicia fundamental de la reclamación que aquí ni se alega ni se percibe y que deja en descubierto el proscrito efecto de perturbar la finalidad de lo ya adjudicado. *Cf. Figueroa* v. *Banco de San Juan*, 108 D.P.R. 680, 687–688 (1979).

El presente caso no acusa el estado de indefensión de la mujer por abandono de su interés por el marido en su representación de la sociedad conyugal demandada, por lo que no muestra aquel valor de justicia y la necesidad de su vindicación que movió nuestra consciencia judicial a descartar por ineficaz y espuria la representación de la sociedad por su administrador único en *Carrero Suárez*, supra, y con mayor razón en la total exclusión *de la sociedad* en procedimientos de nulidad de su derecho dominical inscrito, causa del pronunciamiento de falta de jurisdicción sobre la esposa afectada en *L. Dershowitz & Co., Inc.*, ante.

■ El bien argumentado escrito de los recurridos evade los hechos donde radica la esencial distinción y que imponen la inaplicación de las decisiones invocadas en *Carrero Suárez* y *L. Dershowitz & Co., Inc.* El debido procedimiento de ley es recurso de excelencia para atender a una apreciable vulneración de derechos básicos, mas no es refugio de supuestos intangibles y abstractos. De ahí la necesidad de que el pleito independiente, aún en mayor grado que la moción de relevo de sentencia bajo la Regla 49.2 proyecte una virtualidad de derechos suprimidos e interés desamparado que no encontramos en el examen a fondo de esta cuestión litigiosa, que hemos realizado sin depender del equívoco curso de litigación de la sociedad de gananciales.

■ El resultado a que aquí llegamos no enerva la necesidad de incluir ambos cónyuges como partes y servirles emplazamientos individuales en acciones que afectan el patrimonio de la sociedad de gananciales obviando el riesgo de nulidad, ante la posibilidad de que la defensa del interés social por uno solo no se ejercite con la debida eficiencia, o la existencia de incompatibilidad entre los cónyuges respecto a la defensa de su interés dentro de una sociedad que ambos gobiernan con igual autoridad.

*Con estos antecedentes y fundamentos, se expedirá el auto y la sentencia recurrida será revocada.*

El Juez Asociado Señor Martín concurre en el resultado sin opinión. El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Negrón García se inhibieron.