Cordero, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se nos solicita la revisión de una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, con fecha de 22 de junio de 1995 y archivada en autos copia de la notificación de la resolución el 26 de junio de 1995. En dicha resolución el tribunal de instancia declaró No Ha Lugar una moción de desestimación por prescripción presentada por el demandante-peticionario, Pueblo International, Inc. (Pueblo).
*1459 El 9 de octubre de 1992 los demandantes-recurridos, la Sra. Ana E. González, el Dr. Rafael E. Castro y la sociedad de gananciales por ambos constituida, presentaron demanda en daños y perjuicios contra Pueblo. Alegaron en dicha demanda que el 11 de mayo de 1991, la co-demandante Sra. González sufrió la caída en el estacionamiento del Supermercado Pueblo X-Tra ubicado en los predios de Plaza las Americas.
Como parte del descubrimiento de prueba se reveló que la parte demandante había enviado una carta certificada a Pueblo el 1 de mayo de 1992, o sea, poco antes de expirar el término prescriptivo de un año para instar la demanda en daños y perjuicios. En esta carta se le dio aviso a Pueblo del accidente en cuestión y se raclamó compensación por los daños sufridos por la Sra. González.
Pueblo presentó una Moción de Desestimación y/o Sentencia Sumaria en la cual adujo que las causas de acción de los co-demandantes Dr. Castro y la sociedad de bienes gananciales habían prescrito al no haberse interrumpido el término prescriptivo de sus reclamaciones con la carta certificada del 1 de mayo de 1992. Sometiendo la carta como anejo, Pueblo señaló que en la misma, sólo se reclama por lo daños sufridos de la Sra. González.
A su vez, la parte demandante se opuso oportunamente a dicha moción y alegó que la carta en cuestión interrumpió el término prescriptivo de la causa de acción de todos los componentes de la parte demandante.
Luego de discutir las partes la Moción de Desestimación y/o Sentencia Sumaria en una vista, el tribunal de instancia declaró la misma No Ha Lugar. Expuso el tribunal en su resolución que del texto de la carta se desprende un aviso de reclamación de las personas que se mencionan en la misma.
No conforme, Pueblo presentó recurso de certiorari ante este Tribunal solicitándonos el que revoquemos la resolución recurrida y desestimemos las causas de acción de los co-demandantes Dr. Rafael Castro y la sociedad legal de gananciales.
Mediante nuestra Resolución del 18 de agosto de 1995, se ordenó a la parte recurrida a mostrar causa por la cual no debamos revocar la resolución recurrida. Ambas partes han comparecido dentro del término concedido por este Tribunal. Estamos listos para resolver.
II
De conformidad con el Art. 1873 del Código Civil, 31 L.P.R.A. see. 5303, la prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor.
La figura de la prescripción se basa en el imperativo de castigar la inercia en el ejercicio de los derechos y evitar litigios difíciles de adjudicar por la antigüedad de las reclamaciones. Cintrón v. E.L.A.,_D.P.R._(1990); 90 J.T.S. 128, pág. 8231. Debido a este propósito es necesario que el acreedor del derecho reclame o manifieste su voluntad de reclamar los perjuicios que le ha causado la actuación u omisión del deudor dentro del término de ley para que se, entienda interrumpido dicho término prescriptivo de la acción en daños. Id. La prescripción del derecho es lo excepcional siendo su ejercicio o conservación lo normal, por lo que el ordenamiento jurídico potencia el ejercicio y conservación de los derechos mediante la utilización de los medios interruptivos de la prescripción. Galib Frangie v. El Vocero de Puerto Rico, Inc.,_D.P.R._(1995), 95 J.T.S. 71, pág. 922.
En Díaz de Diana v. A.J.A.S., Ins. Co., 110. D.P.R. 471, 476 (1980), citando a Diez Picazo, nuestro Tribunal Supremo se expresó sobre lo que constituye una reclamación extrajudicial:

"Reclamación vale, en principio tanto como exigencia o intimación. Es decir: se trata de un acto por el cual el titular de un derecho subjetivo o de una facultad se dirige al sujeto pasivo de dicho derecho o de dicha facultad requiriéndole para que adopte el comportamiento debido. La reclamación es pues una pretensión en sentido técnico."

El fundamento reconocido de la interrupción es la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. Feliciano v. A.A.A., 93 D.P.R. 655, *1460 660 (1966). De conformidad con el Art. 1873 del Código Civil para que la interrupción extrajudicial surta efecto, la reclamación o pretensión tiene que ser dirigida al sujeto pasivo del derecho y debe ser recibida por éste. Zambrana Maldonado v. E.L.A.,_D.P.R._(1992), 92 J.T.S, 12, pág. 9171.
En cuanto a la forma del acto de reclamación, nuestro Tribunal Supremo en Acosta Quiñones v. Matos Rodríguez,_D.P.R._(1994), 94 J.T.S. 47, pág. 11759, citando a Diez Picazo expresó que la reclamación en cualquier forma en que sea hecha posee valor interruptivo, no exigiendo la Ley ninguna forma especial en este punto.
Los requisitos de los actos interruptivos son: 1) la oportunidad o tempestividad, que requiere que el ejercicio de la acción debe realizarse antes de la consumación del plazo; 2) la legitimación, según la cual el ejercicio corresponde al titular del derecho o acción; 3) identidad, que consiste en que la acción ejercitada ha de responder exactamente al derecho que está afectado por la prescripción; 4) idoneidad del medio utilizado. Galib Frangie v. El Vocero de Puerto Rico. Inc., supra.
El Art. 1868 del Código Civil, 31 L.P.It.A. see. 5298, dispone que prescriben por el transcurso de un (1) año las acciones para exigir responsabilidad civil por culpa o negligencia desde que lo supo el agraviado.
III
Examinada la normativa aplicable, procede que la apliquemos a los hechos ante nos.
Al encontrarse el foro apelativo en igual posición que el foro de instancia para evaluar la prueba documental, Chase Manhattan v. Emannuelli, 111 D.P.R. 708, 712 (1981), pasemos a examinar la carta certificada que los demandantes cursaron a Pueblo el 1 de mayo de 1992 y que éstos admiten haber recibido. De esta forma podremos decidir si la carta tuvo el efecto de interrumpir el término prescriptivo de la causa de acción de todos los demandantes.
Pueblo nos argumenta que en la carta en controversia no se reclama por lo daños sufridos del Dr. Castro ni de la sociedad legal de gananciales, reclamándose únicamente por los de la Sra. González. Por su parte, los demandantes aducen que al indicarse al principio de la carta de que se está representando legalmente "al matrimonio constituido por doña Ana E. González de Castro y su señor esposo el Dr. Rafael E. Castro" es porque se está reclamando a nombre de todos ellos. Dicha carta expresa en lo pertinente:

"Estimados señores:

Por la presente deseo informarles que representó legalmente al matrimonio constituido por doña Ana E. González de Castro y su señor esposo el Dr. Rafael E. Castro.

Por este medio estamos reclamando de una manera inequívoca que se le compensen a doña Ana los daños causádoles y con tal motivo no sólo le reclamamos a ustedes sino que deseamos inquirir qué compañías de seguros había expedido alguna póliza para cubrir el riesgo de la naturaleza del que nos ocupa."

Aunque esta carta dista mucho de ser un modelo de reclamación extrajudicial, al interpretar y analizar la carta en su totalidad a la luz de lo expresado anteriormente, es forzoso concluir que al manifestarse al principio de la carta que se estaba representando al "matrimonio" y al reclamarse los daños causados a "Doña Ana", esta comunicación expresa la voluntad de la Sra. González y de la sociedad de gananciales de la cual aquella forma parte, de ejercer su derecho a que Pueblo le resarza por los daños sufridos a ambas.
Debemos interpretar que al decirse "matrimonio" en la mencionada carta, se refiere a la sociedad de bienes gananciales. El sólo hecho de haberse omitido en la carta la frase "en representación de la sociedad de gananciales" no priva a dicha sociedad de su reclamación en virtud del matrimonio peticionario. Reyes Castillo v. Cantera Ramos, Inc.,_D.P.R._(1996), 96 J.T.S. 9, pág. 606. Siendo eso así, vale recordar que la esposa, en este caso la Sra. González, es co-administradora de la sociedad legal de gananciales y podrá representar legalmente a la sociedad conyugal. Art. 93 del *1461 Código Civil, 31 L.P.R.A. see. 286; Alicea Alvarez v. Valle Bello, Inc., 111 D.P.R. 847, 850 (1982). Además, interpretando liberalmente lo manifestado en la carta interruptora y en ánimo de hacer justicia sustancial, Reyes Castillo,-, supra, pág. 606, de la carta se desprende razonablemente una reclamación de daños a favor de la sociedad legal de gananciales. Esto es así porque una mujer casada implícitamente reclama en representación de la sociedad de gananciales a la cual pertenece, las partidas que a ésta le corresponda. Maldonado Rodríguez v. Banco Central Corp.,_D.P.R._ (1995), 95 J.T.S. 48, pág. 804. En Maldonado Rodríguez —caso que trataba sobre el derecho de un empleado de reclamar sueldos bajo la Ley Núm. 100 de 30 de junio de 1959, de discrimen en el empleo, sin estar presente como reclamante la sociedad de gananciales— nuestro Tribunal Supremo expresó:
"...un empleado casado implícitamente reclama en representación de su sociedad de gananciales las partidas que a ésta corresponden. En este sentido, la comparecencia de la sociedad de gananciales en reclamaciones de esta índole, no es imprescindible ni necesaria para que queden compensadas las partidas gananciales."
De forma análoga, en este caso, resolvemos que al reclamarse los daños causádoles a Doña Ana, los cuales tienen un impacto en la sociedad de gananciales, éstos deberán atribuirse como un reclamo de la propia sociedad de gananciales. Otra interpretación a esta situación .sería inaceptable ya que no se le estaría compensando a Doña Ana por todos los "daños causádoles."
Concluimos entonces, que la Sra. González y la.sociedad.de gananciales demostraron su interés en vindicar sus derechos y por ende su acción no está prescrita. No obstante, la reclamación del Dr. Castro sí está prescrita ya que en la referida carta no se hizo reclamación álguna en cuanto a algún daño personal sufrido por él.
IV
Por todo lo antes expuesto, se expide el auto solicitado, se modifica la resolución recurrida y se devuelve el caso al foro de instancia para que continúen los procedimientos.de forma compatible con esta Opinión.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General