# 2003 DTA 98

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL V DE PONCE Y AIBONITO**

ANA D. VOLDE MONTALVO
Apelante

v.

NILDA PEREZ PEREZ
Apelada

Núm. KLAN-03-00123

San Juan, Puerto Rico, a 9 de junio de 2003

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Aponte Hernández y la Juez Pabón Charneco

*Per Curiam*

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos, Ana D. Volde Montalvo, en adelante, la apelante, solicitando la revisión de una Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante dicho dictamen, el tribunal *a quo* declaró Sin Lugar la demanda instada, condenándole a la apelante, a su vez, al pago de costas y honorarios de abogado.

Por las razones que esbozamos a continuación, se revoca la Sentencia apelada.

**I**

Conforme surge del recurso ante nuestra consideración, la apelante es residente de la calle Doctor Gatell #10 del Municipio de Yauco. Nilda Pérez Pérez, en adelante, la apelada, es vecina de la calle Mejías #7 del mismo municipio. Ambas residencias son, en su parte posterior, colindantes. Se desprende de autos que la apelada realizó una serie de mejoras a su residencia, para las cuales solicitó los correspondientes permisos ante la Administración de Reglamentos y Permisos, en adelante, A.R.P.E. Para el 23 de febrero de 1993, A.R.P.E. había autorizado la construcción de una segunda planta. Asimismo, el 8 de septiembre de 1994, dicha agencia expidió un permiso de edificación para la reconstrucción de un techo de madera y zinc a hormigón.

Así las cosas, el 31 de marzo de 1995, la apelante interpuso una solicitud de investigación de querella. ■ En dicha investigación, impugnó la validez del permiso de construcción emitido por A.R.P.E. en lo referente a la construcción de una escalera. En marzo de 1996, A.R.P.E. contestó la solicitud de investigación, remitiendo copia de los permisos autorizados con la inclusión del párrafo sobre su derecho a apelar el dictamen emitido. El 1 de abril de 1996, la apelante solicitó reconsideración. El 12 de abril de 1996, A.R.P.E. notificó haber acogido

la misma.

Sucesivamente, el 19 de julio de 1996, A.R.P.E. declaró sin lugar la reconsideración. La apelante presentó una apelación el 16 de agosto de 1996, ante la Junta de Apelaciones sobre Construcciones y Lotificaciones, en adelante, la Junta. Luego de varios trámites procesales, la Junta señaló el caso para una conferencia sobre el estado de los procedimientos a celebrarse el 29 de mayo de 1998. En la misma, las partes deberían exponer sus argumentos en cuanto a la jurisdicción de la Junta para entender en el caso. La apelada presentó una objeción al recurso de apelación presentado y solicitó se declarase improcedente como cuestión de derecho por falta de jurisdicción. Arguyó la apelada que la apelante carecía de legitimación activa como parte interesada o afectada para impugnar la determinación de la agencia concediendo el permiso; así como que la Junta carecía de jurisdicción para entender en el recurso por haber sido presentado a destiempo; y que la apelación era inmeritoria; en otras palabras, era improcedente el remedio solicitado. La apelante contestó por escrito la objeción al recurso hecha por la apelada.

Así las cosas, la Junta emitió dictamen desestimando el recurso de apelación, por entender que carecía de jurisdicción para entender en el mismo. Expresó, además, que aun cuando el recurso hubiera sido presentado a tiempo, la Junta no tenía jurisdicción para resolver el derecho de propiedad reclamado por la apelante. Enunció que *"[a] base de la apelación, prácticamente lo que existe es una cuestión de derecho de propiedad,* ██ *si una parte construyó en la propiedad de la otra y esto no lo puede resolver la Junta, corresponde al tribunal en una acción civil. La cuestión de hacer una determinación sobre linderos es objeto de una acción civil en el Tribunal y no ante la Administración de Reglamentos y Permisos o la Junta. No hay jurisdicción de la Junta para resolver derecho de propiedad. Esto no quiere decir que no se tenga remedio; la parte puede acudir al Tribunal y éste dictaminar si la pared está en la propiedad de la parte apelante y que no ha consentido a lo edificado. Entonces ante ese hecho sí procedería el injunction para demoler la construcción sin permiso en otra propiedad."*

La apelante no solicitó revisión de la determinación de la Junta. No obstante, el 15 de septiembre de 2000, recurrió al Tribunal de Primera Instancia con la presentación de la acción de autos.

En la demanda interpuesta, la apelante alegó que la ampliación y construcción de la residencia de la apelada fue parcialmente realizada en terrenos de la apelante. Especificó que la invasión de terreno consistió en colocar una pared y escalera para el acceso a la segunda planta utilizando la pared colindante, la cual pertenece en su totalidad a la apelante. En consecuencia, solicitó se ordenara la demolición de la propiedad, la reparación de la pared y la reconstrucción de la antigua verja entre ambas propiedades con cargos a la apelada. Así como la cantidad de $150,000.00 como indemnización por el sufrimiento y las angustias mentales que la alegada construcción ilegal le había causado.

Por su parte, la apelada presentó *"Moción de Desestimación"* alegando que la acción estaba prescrita, era cosa juzgada y constituia un *"garrafal"* abuso del derecho, aduciendo que el verdadero interés de la apelante con la presentación de la demanda y demás acciones administrativas era dañar y perturbar a la apelada. La apelante se opuso al escrito aduciendo que la reclamación incoada era una acción reivindicatoria, por lo que prescribía a los treinta (30) años, así como cualquier acción en daños accesoria a la misma.

El foro de instancia denegó la *"Moción de Desestimación"* y ordenó la continuación de los procedimientos de conformidad a la acción incoada. El 4 de febrero de 2002, la apelante compareció solicitando la celebración de una vista sobre el estado de los procedimientos. El tribunal *a quo* pautó la conferencia para el 7 de mayo de 2002. Celebrada la misma, a solicitud de la apelante, se ordenó una vista ocular, la cual fue recalendarizada para el 5 de diciembre de 2002. El propósito era *"determinar si la pared que está debilitada que alega la parte demandante [apelante] ubica o no en su propiedad; en otras palabras si también ha ocupado la propiedad de la demandante [apelante] o si es una propiedad antigua o si el deterioro de la propiedad es por el paso de los años."*

Efectuada la vista, el tribunal *a quo* levantó la correspondiente acta, notificada a las partes el 11 de diciembre de 2002. Concluyó dicho foro que no existía invasión alguna a la propiedad de la apelante. A su vez, dictaminó no haber observado ninguna construcción ilegal, como reclamaba la apelante, ni la ocurrencia de daño alguno.

Así las cosas, el 14 de enero de 2003, el tribunal *a quo* pronunció el dictamen apelado. Oportunamente recurre ante nos la apelante solicitando la revisión de la sentencia emitida. ■ Habiendo comparecido la parte apelada, procedemos a resolver.

## II

En su escrito, la apelante plantea que incidió el Tribunal de Primera Instancia al dictar sentencia sin la celebración de un juicio plenario y de este modo privarla de su propiedad sin el debido proceso de ley, al fundamentar su sentencia en hechos, documentos y testimonios que no fueron presentados y admitidos en evidencia dictando sentencia sin prueba suficiente y haciendo una apreciación errónea de lo que pudo observar en la vista ocular, y al imponer el pago de honorarios de abogado.

## III

La Sec. 7 del Art. II de la Constitución de Puerto Rico, al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos, garantizan que ninguna persona sea privada de su libertad o propiedad sin el debido proceso de ley. Const. E.L.A. Art. II, Sec. 7, 1 L.P.R.A. El debido proceso de ley se manifiesta en dos vertientes distintas: sustantiva y procesal. Conforme al debido proceso de ley sustantivo, se examina la validez de una ley o reglamento, con el propósito de proteger los derechos fundamentales de los individuos.

*"Por otro lado, en el debido proceso de ley procesal se le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo."* (Bastardillas en el texto original.) *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 D.P.R. 881, 887 (1993); *López Vives v. Policía de P.R.*, 118 D.P.R. 219 (1987).

El Tribunal Supremo de Puerto Rico ha expresado, en diversas ocasiones, que el debido proceso de ley exige que en todo procedimiento adversativo se cumplan ciertos requisitos, a saber: (1) notificación adecuada de la reclamación presentada; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado; y (6) que la decisión se base en el récord. Véase, *Rivera Rodríguez & Co. v. Lee Stowell, etc., supra.*

Cabe señalar que es principio fundamental que el debido proceso de ley no es un molde riguroso que se da en el abstracto, pues su naturaleza es eminentemente circunstancial y pragmática, no dogmática. Cada caso exige una evaluación concienzuda de las circunstancias envueltas. *Quiles Rodríguez v. Supte. de la Policía*, 139 D.P.R. 272 (1995); *Rivera Rodríguez & Co. v. Lee Stowell etc., supra*; *Fac. C. Soc. Aplicadas, Inc. v. C.E.S.*, 133 D.P.R. 521 (1993); *Universidad del Turabo v. Liga Atlética Interuniversitaria*, 126 D.P.R. 497 (1990); *Román Vargas v. Tribunal Examinador*, 116 D.P.R. 71 (1985); *Alicea Alvarez v. Valle Bello*, 111 D.P.R. 847 (1982); *Pueblo v. Andréu González*, 105 D.P.R. 315 (1976); *Domínguez Talavera v. Tribunal Superior*, 102 D.P.R. 423 (1974). El Tribunal Supremo de los Estados Unidos, en *Connecticut v. Doehr*, 115 L.Ed.2d. 1 (1991), reafirmó esta concepción al señalar que: *"These cases underscore the truism that due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances."*

Para que entre en vigor la protección que ofrece este derecho, tiene que estar en juego un interés individual de libertad o propiedad. Una vez cumplida esta exigencia, hay que determinar cuál es el procedimiento exigido (*"What process is due"*). *P.A.C. v. E.L.A.*, 150 D.P.R. ___ (2000), **2000 J.T.S. 33**; *Rivera Santiago v. Srio. de Hacienda*, 119 D.P.R. 265, 274 (1987).

Para hacer dicha determinación es necesario analizar los siguientes factores: (1) los intereses individuales

afectados por la acción oficial; (2) el riesgo de una determinación errónea que prive a la persona del interés protegido mediante el proceso utilizado y el valor probable de garantías adicionales o distintas; y (3) el interés gubernamental protegido con la acción sumaria y la posibilidad de usar métodos alternos. *Vélez Ramírez v. Romero Barceló*, 112 D.P.R. 716 (1982); *Matthews v. Elridge*, 424 U.S. 319 (1986). Dependiendo de las circunstancias, diversas situaciones pueden requerir diferentes tipos de procedimientos, pero siempre persiste el requisito general de que el proceso gubernamental debe ser justo e imparcial. *P.A.C. v. E.L.A, supra.*

Nuestro ordenamiento procesal civil ha considerado que no se priva a los litigantes de su derecho a un proceso justo e imparcial, cuando de cumplirse con determinados requisitos y a petición de una parte, se demuestra al tribunal que es innecesario la celebración de un juicio en su fondo. En tales supuestos, por no existir controversia sobre los hechos materiales, no hay necesidad de celebrar una vista evidenciaria para recibir o dilucidar la prueba. A manera de ejemplo, nuestro ordenamiento provee el mecanismo de las Reglas 10.3 (moción para que se dicte sentencia por las alegaciones) y 36 (sentencia sumaria) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.3 y 36, para atender dichas situaciones. *P.A.C. v. E.L.A, supra.*

## IV

En la situación ante nos, el Tribunal de Primera Instancia consideró, previo a la celebración de varias vistas de seguimiento y una vista ocular, que por no haber una controversia real sustancial en cuanto a los hechos materiales, no se requería una vista evidenciaria, pues no había nada que dilucidar en su fondo. La apelante impugna dicha actuación aduciendo que el debido proceso de ley le garantiza la celebración de una vista.

En el caso de marras, la controversia a dilucidarse ante el tribunal *a quo* era si las mejoras efectuadas por la apelada en su residencia habían usurpado la propiedad de la apelante. A los fines de dilucidar la misma, y a solicitud de la apelada, el tribunal *a quo* celebró una vista ocular. Contando con la comparecencia y argumentación de las partes y sus representantes legales, el Tribunal de Primera Instancia levantó el acta correspondiente que sirvió de base a la Sentencia apelada.

Surge de la Sentencia apelada:

*"La escalera que está construida dentro de la propiedad de la [apelada], no se apoya sobre el muro. El muro de tiempo inmemorial es el muro de colindancia entre ambas propiedades. Hacemos constar que ese muro de tiempo inmemorial del lado de la calle Mejías está tapado con cemento del todo de la calle Mejías, pero se observa que no ha sido ahuecado o alterado por ellos. Sólo revestido por cemento y pintado.... la demandante [apelante] no pudo señalar (esto es, estando todos sobre el techo de la casa de la demandada) o precisar con relativa certeza el lugar o área de 0.58 metros cuadrados de la estructura de la demandada que invade u ocupa su terreno. Todo esto, conforme un plano que forma parte del expediente, el cual visualmente resulta imperceptible y no localizable a través de los medios de prueba, la susodicha invasión o usurpación."*

Véase, pág. 5 del Apéndice.

Comencemos señalando que la Regla 81 de las de Evidencia, 32 L.P.R.A. Ap. IV, permite la inspección ocular como medio de prueba de conformidad, entre otras disposiciones, con lo dispuesto en los Arts. 1169, 1194 y 1195 del Código Civil, 31 L.P.R.A. secs. 3262, 3311 y 3312, respectivamente. A su vez, el Art. 1194 del Código Civil de Puerto Rico dispone:

*"La prueba de inspección personal del tribunal o juez sólo será eficaz en cuanto claramente permita al tribunal apreciar, por las exterioridades de la cosa inspeccionada, el hecho que trate de averiguar."*

31 L.P.R.A. sec. 3311.

La observación directa del juez de la cosa en controversia es generalmente aceptada como medio de prueba eficaz e imparcial. Es el hecho, la cosa hablando por sí misma, con la oportunidad a las partes de explicar cualquier circunstancia que entiendan debe aclararse. *Emanuelli Fontánez v. Emanuelli Suro*, 87 D.P.R. 380 (1963).

Atendida estas conocidas características, de ordinario, un litigante no espera que una inspección ocular se convierta en una vista evidenciaria adversativa en la que las partes tengan que presentar testigos y prueba documental en la que tengan que ejercer su derecho a contrainterrogar los primeros como si se tratare de un juicio.

En el caso de autos, y conforme surge de la Sentencia emitida, de la inspección ocular se desprende que resultó imperceptible y no localizable a través de la misma, la alegada invasión o usurpación. Ante esta circunstancia, somos de opinión que fue prematura la actuación del tribunal *a quo* al emitir el dictamen apelado. No fue eficaz la inspección realizada cuando no se pudo determinar el hecho que se trataba de averiguar. Entendemos que lo indicado por dicho foro en la Sentencia demuestra de manera meridiana que la controversia sobre si hubo o no invasión persiste. A tales efectos, se hace necesaria la celebración de una vista evidenciaria donde se dilucide lo antes señalado.

Como fundamento adicional para la celebración de una vista evidenciaria, se le debe brindar a la apelante una oportunidad de presentar la evidencia que posee para probar su caso. De esta manera habrá un récord completo y detallado de los procedimientos. No olvidemos que la función revisora de este Tribunal está limitada a las constancias del récord. La ausencia de un récord completo y detallado imposibilita nuestra función revisora, e impide que la apelante pueda ejercer su derecho de revisión judicial de manera adecuada.

Como bien ha señalado el Tribunal Supremo: *"debe tener presente [el juez], el interés que tiene todo litigante en que el juez conozca todos los detalles del caso....debe estar presto a brindarle a las partes la oportunidad de que le presenten toda la prueba legalmente admisible. Es la forma en que el litigante que sale derrotado puede quedar un poco más satisfecho...El juez le ha oído. Y al impartir justicia debe ser preocupación de todo juez no sólo resolver de acuerdo con la ley y los dictados de su conciencia, sino también transmitirle a las partes el convencimiento de que verdaderamente han tenido un día en corte."* *Emanuelli Fontánez v. Emanuelli Suro*, *supra*.

## V

Por las razones arriba esbozadas, se revoca la Sentencia apelada. Se devuelve el caso al Tribunal de Primera Instancia para procedimientos consistentes con esta Sentencia.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2003 DTA 98

**1.** La apelante presentó, a su vez, querella ante el Procurador del Ciudadano y la Policía de Puerto Rico porque la pared alegadamente amenazaba con caerse.

**2.** La apelante argumentó ante la Junta que la construcción de la escalera era ilegal y procedía la demolición de la misma. Descansó dicha petición en que la escalera había sido eregida sobre una verja o pared que se encontraba en la propiedad de la apelante.

**3.** Esta Curia emitió sentencia desestimando el presente recurso, en virtud de lo dispuesto en la Regla 14(B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 14B. En reconsideración, decidimos acoger el mismo, previo a que el apelante acreditara su cumplimiento estricto con la antedicha disposición.