Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| HASSAN SABRI HAMED  Demandante-Recurrido  VS.  ABDULLAH AHMAD YASSIN Y OTROS  Demandados-Peticionarios | KLCE202301377 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan  Caso Núm. SJ2020CV01507  Sala:  906-Civil  Sobre:  Ley de Corporaciones |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Comparece la parte peticionaria, Abdullah Ahmad Yassin (en adelante, parte Peticionaria o Sr. Yassin) para solicitarnos que revisemos la *Resolución* emitida el 12 de octubre de 2023 y notificada el 13 de octubre del mismo año por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o Foro primario), en la cual se declaró No Ha Lugar la *Moción para Solicitar Relevo de la Sentencia Por Nulidad de Sentencia y Violación al Debido Proceso de Ley*. El 30 de octubre de 2023, la parte peticionaria presentó una *Moción para Solicitar Reconsideración*, la cual fue declarada no ha lugar por el TPI el 6 de noviembre de 2023.[1]

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, se expide el auto de *certiorari* solicitado. En consecuencia, revocamos la *Resolución* recurrida, y declaramos nula la *Sentencia* emitida el 21 de julio de 2022, esto por los fundamentos que expondremos a continuación.

---

[1] Apéndice del recurso, pág. 363.

Número Identificador

RES2024 _____

## -I-

El 19 de febrero de 2020, el Sr. Hassan Sabri Hamed (en adelante, parte recurrida o Sr. Hamed) presentó una *Demanda* para solicitar la disolución y liquidación de Sabri & Ahmad Corp. (en adelante, la Corporación), constituida para el año 1996 bajo las leyes del Estado Libre Asociado.[2] Al día siguiente, se expidieron los emplazamientos dirigidos a Abdullah Ahmed Yassin, su cónyuge, Minerva Hernández Pérez (en adelante, Sra. Hernández Pérez), y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante, SLG Yassin Hernández).[3]

Mediante la *Moción Acompañando Emplazamiento Debidamente Diligenciado* presentada el 28 de febrero de 2020, el Sr. Hamed certificó haber emplazado personalmente al Sr. Yassin el día 24 de febrero de 2020.[4] Sin embargo, el 26 de marzo de 2020, el TPI resaltó la falta de los emplazamientos para la Sra. Hernández Pérez, cónyuge del peticionario, y para la SLG compuesta por ambos.[5] Específicamente, el TPI estableció lo siguiente:

> Enterado. Sin embargo, en la demanda se hizo constar que se demandaba a la esposa y a la SLG. El emplazamiento no incluye a la SLG. Ambos cónyuges son coadministradores. Si los demandados contrajeron matrimonio en Puerto Rico sin otorgar capitulaciones, la accionista de la corporación es la SLG. Una vez emplace a los demás codemandados informe al tribunal.

El 8 de junio de 2020 el Sr. Hamed, mediante *Moción*, explicó que al intentar diligenciar los emplazamientos recibió noticias de que la Sra. Hernández Pérez había fallecido.[6] Añadió que, conforme al Art. 1313 del Código Civil, 31 LPRA 3672, la presencia de la Sra. Hernández Pérez o la sucesión no era imprescindible para liquidar

---

[2] Apéndice del recurso, págs. 1-18.
[3] Apéndice del recurso, págs. 19-22.
[4] Apéndice del recurso, págs. 23-26.
[5] Apéndice del recurso, pág. 27.
[6] Apéndice del recurso, págs. 28-29.

los activos de la Corporación. Por lo tanto, desistió de la acción instada en contra de estas.[7]

El 27 de julio de 2020, la parte recurrida solicitó al TPI la anotación de rebeldía a la parte peticionaria y una vista para continuar con la liquidación de la Corporación.[8] Tras varios trámites procesales, mediante *Sentencia Parcial* del 11 de septiembre de 2020, el Foro primario desestimó los reclamos presentados contra las codemandadas, Sra. Hernández Pérez y la SLG Yassin Hernández.[9]

El 21 de julio de 2022, el TPI emitió una *Sentencia* en la que decretó la liquidación de los activos de Sabri & Ahmad Corp. Como parte de la liquidación, adjudicó a la parte recurrida un crédito contra la parte peticionaria por la cantidad de $68,985.00.[10]

El 26 de julio de 2023, la parte peticionaria presentó una *Moción para Solicitar Relevo de la Sentencia por Nulidad de Sentencia y Violación al Debido Proceso de Ley*.[11] Adujo que, nunca fue emplazado personalmente por la parte recurrida. Además, que, la dirección a la que el TPI envió las notificaciones del caso no era la suya.

El 18 de agosto de 2023, el TPI emitió *Orden* para que, la parte peticionaria explicara cómo y cuándo advino en conocimiento del caso de liquidación de la Corporación.[12] El 21 de agosto de 2023 la parte peticionaria presentó una *Moción en Cumplimiento de Orden*.[13] El 30 de agosto de 2023, la parte recurrida presentó una *Réplica a Moción* y acompañó una declaración jurada de la emplazadora.[14]

---

[7] Apéndice del recurso, págs. 28-29.
[8] Apéndice del recurso, págs. 31-33.
[9] Apéndice del recurso, págs. 38-39.
[10] Apéndice del recurso, págs. 265-268.
[11] Apéndice del recurso, págs. 286-294.
[12] Apéndice del recurso, pág. 295.
[13] Apéndice del recurso, págs. 296-299.
[14] Apéndice del recurso, págs. 324-327.

El 12 de septiembre de 2023, el TPI señaló una vista presencial para dilucidar los planteamientos de la moción de relevo de Sentencia.[15] Luego de celebrada la vista, el 12 de octubre de 2023 el TPI emitió una *Resolución* en la que declaró No Ha Lugar la *Moción para Solicitar Relevo de la Sentencia por Nulidad de Sentencia y Violación al Debido Proceso de Ley.*[16] Infirió que, la parte peticionaria no logró controvertir el testimonio de la emplazadora de haber entregado el emplazamiento el 24 de febrero de 2020. De igual forma, concluyó que la parte peticionaria no logró rebatir la presunción establecida en la Regla 304 (23) de Evidencia en torno a que la notificación fue debidamente recibida.

Inconforme con la determinación del TPI, el 30 de octubre de 2023 la parte peticionaria presentó una *Moción para Solicitar Reconsideración.*[17] El 3 de noviembre de 2023, la parte recurrida presentó *Oposición a Reconsideración.*[18] El 6 de noviembre de 2023, el TPI emitió *Orden* y declaró No Ha Lugar la reconsideración solicitada.[19] Aún inconforme, el 6 de diciembre de 2023 la parte peticionaria presentó el auto de *Certiorari* ante nos, donde imputó al TPI los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al no declarar nula la sentencia dictada por falta de una parte indispensable, toda vez que no se incluyó a la Sucesión de Minerva Hernández Pérez fenecida esposa del señor Yassin y accionista de Sabri & Ahmad Corp.
>
> Erró el Honorable Tribunal de Primera Instancia al no declarar nula la sentencia dictada a pesar de que la parte demandada no fue emplazada, por lo que el Tribunal nunca adquirió jurisdicción sobre su persona.
>
> Erró el Honorable Tribunal de Primera Instancia al determinar que el Sr. Yassin no logró rebatir la presunción que establece la Regla 304 (23) de las Reglas de Evidencia, ya que quedó demostrado que la notificación de la Sentencia se envió a una dirección que no era la del Sr. Yassin.

---

[15] Apéndice del recurso, pág. 328-329.
[16] Apéndice del recurso, págs. 348-350.
[17] Apéndice del recurso, págs. 352-357.
[18] Apéndice del recurso, págs. 359-362.
[19] Apéndice del recurso, pág. 363.

El 29 de abril de 2024 el Sr. Hamed presentó su *Memorando de la Parte Recurrida.*

Examinado el recurso en su totalidad, la transcripción presentada y el memorando de la parte recurrida, procedemos a resolver conforme a derecho.

### -II-

### -A-

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V R. 52.1, establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...]. *Íd.*

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *Íd.*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida. A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la

facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. *Torres González v. Zaragoza Meléndez, supra,* pág. 847; *Medina Nazario v. McNeil Healthcare LLC, supra,* pág. 729; *García v. Padró, supra,* pág. 334. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez, supra,* pág. 847; *Municipio v. JRO Construction,* 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

Por su parte, la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, Regla 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.* Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

**-B-**

La Regla 16.1 de las de Procedimiento Civil, 32 LPRA Ap. V, Regla 16.1, rige la acumulación de partes indispensables en un pleito. La regla establece que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se

harán partes y se acumularán como demandantes o demandadas, según corresponda". *Íd.*

La Regla 16.1 *supra*, en palabras del más alto foro: "[f]orma parte del esquema de rango constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley". *López García v. López García*, 200 DPR 50, 63-64 (2018); *Mun. de San Juan v. Bosque Real, S.E.*, 158 DPR 743, 756 (2003). En armonía con lo anterior esta regla se inspira en dos principios fundamentales, a saber: (1) la protección constitucional que impide que una persona sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo. *Allied Mgmt. Grp. v. Oriental Bank, supra; Cepeda Torres v. García Ortiz*, 132 DPR 698, 704 (1993).

La determinación final de si una parte es indispensable dependerá de los hechos específicos de cada caso, incluyendo: el tiempo, el lugar, las alegaciones, la prueba y las clases de derechos e intereses en conflicto. *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499, 511-512 (2015); J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. Ed., San Juan Pubs JTS, 2011, T. II, pág. 695. En resumen, "[l]o fundamental es determinar si el tribunal puede hacer justicia y conceder un remedio final y completo a las partes presentes sin afectar los intereses de la parte ausente". *López García v. López García, supra*, pág. 65.

La falta de una parte indispensable constituye una defensa irrenunciable, por lo que los foros apelativos, si así lo entendemos, podemos y debemos levantar *motu proprio* la falta de parte indispensable en un pleito, debido a que esta incide sobre la jurisdicción del tribunal. *López García v. López García, supra*, pág. 65. De reconocerse que está ausente una parte indispensable, procede desestimarse la acción sin que se entienda que hubo una

adjudicación en los méritos con efecto de cosa juzgada. *Romero v. SLG, supra,* pág. 734 (2005).

### -III-

La parte peticionaria señala que, el Tribunal de Primera Instancia erró al no declarar nula la Sentencia, toda vez que, no incluyó a la sucesión de Minerva Hernández Pérez ¨fenecida¨ esposa del Sr. Yassin y accionista de Sabri & Ahmad Corp.

La demanda sobre disolución y liquidación de la corporación fue instada originalmente contra el Sr. Yassin, su esposa Sra. Hernández Pérez y la SLG compuesta por ambos. A pesar de que el Sr. Yassin fue emplazado, los esfuerzos de diligenciamiento contra la Sra. Hernández Pérez y la SLG Yassin Hernández fueron infructuosos. **El 8 de junio de 2020 el Sr. Hamed presentó *Moción* en la cual expuso que mientras realizaba las debidas diligencias para emplazar a la Sra. Hernández Pérez, advino en conocimiento de que esta había fallecido.** No obstante, entendió que no era imprescindible la presencia de esta o de su sucesión para disponer de los activos de la corporación. Por lo tanto, desistió de la acción instada en contra de la Sra. Hernández Pérez y la SLG Yassin Hernández.

El 27 de julio de 2020 el peticionario solicitó la anotación de la rebeldía en contra del Sr. Yassin. El 11 de septiembre de 2020, el TPI emitió *Sentencia Parcial* dando por desistida, sin perjuicio, la reclamación contra la Sra. Hernández Pérez, y la SLG Yassin Hernández. En esa misma fecha anotó la rebeldía del Sr. Yassin. Tras varios trámites procesales, el 21 de julio de 2022, el TPI emitió una *Sentencia* en la que decretó la liquidación de los activos de Sabri & Ahmad Corp. Posteriormente, la parte peticionaria solicitó el relevo de la sentencia por falta de parte indispensable, no obstante, fue denegada mediante *Resolución* recurrida.

La falta de una parte indispensable constituye una defensa irrenunciable que incide sobre la jurisdicción del tribunal. *López García v. López García, supra.*

En nuestro ordenamiento, a las acciones o participaciones en una corporación adquiridas luego de constituida la sociedad legal de gananciales les aplica la presunción de ganancialidad de lo adquirido y generado durante el matrimonio. Carlos E. Díaz Olivo et. al., *Conflicto, Divorcio y Muerte en la Gestión Empresarial*, 92 Rev. Jur. U.P.R. 597, 606 (2023). Por tanto, se presume que la SLG Yassin Hernández tiene un interés en las acciones o participaciones en la corporación. Primero, cuando las acciones o participaciones fueron adquiridas con bienes privativos, pero se recibe una porción de las ganancias generadas por la empresa en calidad de dividendos estando casados bajo el régimen legal supletorio, ese importe será de naturaleza ganancial. Segundo, cuando las acciones o participaciones son adquiridas con bienes gananciales. Véase, *Torres Martínez v. Ortiz Cruz*, KLCE201300456 (30 de abril de 2013); Carlos E. Díaz Olivo et. al., *Conflicto, Divorcio Y Muerte En La Gestión Empresarial*, 92 Rev. Jur. U.P.R. 597, 606 (2023).

No obstante, cabe resaltar que desde 1982 el Tribunal Supremo ha sostenido la necesidad de incluir a ambos cónyuges como partes y diligenciar los emplazamientos individualmente **en acciones que afecten el patrimonio de la sociedad legal de gananciales para reducir el riesgo de nulidad.** *Alicea Álvarez v. Valle Bello*, 111 DPR 847, 854 (1982). Ello, "ante la posibilidad de que la defensa del interés social por uno solo no se ejercite con la debida eficiencia, o la existencia de incompatibilidad entre los cónyuges respecto a la defensa de su interés dentro de una sociedad que ambos gobiernan con igual autoridad". *Íd.*

Según surge del expediente, la parte recurrida admite haber contraído matrimonio sin hacer referencia al régimen económico

adoptado.[20] En contraste, del expediente no surge prueba o pronunciamiento del tribunal de que en efecto la Sra. Hernández Pérez falleció, meramente la alegación de la parte peticionaria sobre el asunto, meras alegaciones o teorías no constituyen prueba, por lo que es necesario que se presente evidencia real para probar esta alegación. *UPR v. Hernández*, 184 DPR 1001, 1013 (2012).

En ausencia de prueba sobre la naturaleza privativa de las acciones o participaciones en la Corporación, aplicamos la presunción de ganancialidad antes aludida. Por lo cual, concluimos que tanto la Sra. Hernández Pérez, como la SLG Yassin Hernández son partes indispensables en el pleito. Por lo tanto, ante la ausencia de partes indispensables, el TPI carecía de jurisdicción para disponer del pleito.

Toda vez que, el primer error fue cometido, no es necesario atender el resto de los señalados.

### -*IV*-

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado, revocamos la *Resolución* emitida el 12 de octubre de 2023, declaramos nula la *Sentencia* del 21 de julio de 2022, y devolvemos el caso al Foro primario para que proceda conforme a este dictamen.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] Véase *Memorando de la Parte Recurrida.*