ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| BILLENIUM, LLC<br><br>Apelado<br><br>v.<br><br>NORMAN MARRERO SÁNCHEZ<br><br>Apelante | KLAN202400758 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.:<br>TB2023CV00266<br><br>Sobre:<br>Cobro de Dinero<br>Regla 60 |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 11 de septiembre de 2024.

El peticionario, Norman Marrero Sánchez (Marrero Sánchez) presentó un recurso de *Certiorari* para que dejemos sin efecto la *Resolución* que emitió y notificó el Tribunal de Primera Instancia, Sala de Bayamón, el 12 de julio de 2024. Mediante esta, el tribunal primario declaró *No Ha Lugar* una Solicitud de Relevo de Sentencia, de una demanda de cobro de dinero al amparo de la Regla 60 de Procedimiento Civil[1].

El peticionario identificó su escrito como *Certiorari*, no obstante, la Secretaría de este Tribunal le asignó el alfanumérico de una apelación. Corroboramos que el recurso se trata de la revisión de una *Resolución* en la etapa postsentencia, por lo que se acoge como una petición de *certiorari*[2], manteniendo el alfanumérico que asignó la Secretaría de este Tribunal.

---

[1] 32 LPRA Ap. V, R. 60.
[2] <u>IG Builders et al. v. BBVAPR</u>, 185 DPR 307, 339 (2012).

Número Identificador
SEN2024 _____

Por los fundamentos que exponemos, *Expedimos* el recurso y *Revocamos* la *Resolución* recurrida.

**I.**

El 5 de julio de 2023, Billenium, LLC presentó una demanda de cobro de dinero contra Norman Marrero Sánchez. En esencia, alegó que el 12 de abril de 2023, firmó un contrato con el señor Marrero Sánchez para la instalación de un sistema de placas solares en su hogar a un costo de $35,000.00. Sostuvo que la cláusula 11.14 del contrato indicó que, "[e]l CLIENTE podrá cancelar este Contrato, por cualquier razón y sin cargo alguno, mediante notificación por escrito a BILLENIUM, dentro de los siete (7) días siguientes a haberlo firmado. Si el CLIENTE cancela fuera de este periodo, por cualquier razón, le aplicará la Penalidad por Cancelación." Aludió, además, a la cláusula 11.15 del Contrato, que contenía la siguiente *Penalidad por Cancelación*: "[s]i el CLIENTE desea cancelar este Contrato durante la etapa de Evaluación, pagará una penalidad de cancelación de $6,000 más el 15% del precio total del proyecto."[3] Expuso que Marrero Sánchez esperó nueve días (9) de haber firmado el contrato, para notificar que no deseaba continuar. Es por eso, que Billenium solicitó el pago de la penalidad de $11,250.00 correspondiente a los $6,000 de penalidad más el 15% del contrato.

El contrato, al que Billenium hace referencia en la demanda, indicaba en la comparecencia que la "Primera Parte" era Billenium, mientras que la "Segunda Parte" era Norman Marrero Sánchez. Establecía, además, lo siguiente:

a) Dirección del proyecto: Calle Azucena Parcela 113 Bo. Ingenio Toa Baja PR 00949.
b) Nombre de la persona en la factura de electricidad: Dorca Figueroa Albarrán

---

[3] Apéndice pág. 2, párrafo 8.

c) Últimos (4) dígitos del Seguro Social de la persona en la factura de electricidad: XXXX [número lo omitimos]

[…]

POR CUANTO los comparecientes de la primera y segunda parte ("Partes") aseguran tener la capacidad legal necesaria para el otorgamiento del presente Contrato, que son los dueños legales de la propiedad, que no hay ninguna otra persona con interés legal sobre la misma y en consideración a los bienes y valores mutuamente ofrecidos, estos libre y voluntariamente acuerdan los siguientes términos y condiciones.

Luego de ciertos trámites, el foro primario pautó la audiencia para el 27 de octubre de 2023, a las 9:00 am, a realizarse mediante videoconferencia híbrida.[4]

El 23 de octubre de 2023, Billenium presentó al Tribunal la *Notificación y Citación sobre cobro de dinero*, diligenciada el 21 de julio de 2023. El 24 de octubre de 2023, Billenium presentó una *Moción sometiendo evidencia para la vista*[5] y el 26 de octubre, en horas de la noche, interpuso otros escritos con la evidencia para la vista[6].

El 27 de octubre de 2023, día de la vista pautada por videoconferencia, el señor Marrero Sánchez presentó una *Moción Informativa* con la siguiente expresión:

Hoy 27 octubre 2023, leo un email en la mañana de hoy cual fue enviado el 26 octubre 2023 a las 10:16pm cual me indica que estoy citado el 27 octubre 2023 para el Tribunal de Toa Baja en la sala 403. Cual comparezco a las 8:30 am y me informan que eso no es en ese tribunal, que es en Bayamón. Procedo a llamar a la Lic. Denisse J. Javierre a las 9:04 am., le pregunto por la citación y me indica que ella está en sala viendo el caso y que es online, que iba a preguntar y me cuelga la llamada. Entro de nuevo al tribunal y les explico lo sucedido en la llamada. Porque entiendo que no tomaron los procesos adecuados.[7]

---

[4] Apéndice págs. 12-13.
[5] Apéndice págs. 18-40.
[6] Apéndice pág. 45.
[7] Apéndice pág. 54.

El 30 de octubre de 2023, Billenium presentó una *Moción en Oposición a Moción Informativa*.[8] Informó que la parte demandante fue emplazada y que:

6. Ya comenzada la vista, la Lcda. Javierre recibió una llamada telefónica que resultó ser del Sr. Marrero, en la que alegaba que estaba en Toa Baja y que su abogado era quien tenía la citación y que la vista no era para ese día, que la vista era hace 2 semanas atrás.

[…]

8. Debido a lo rápido que se dio la celebración de la vista no hubo tiempo para notificarle al Tribunal de la llamada. La vista duró apenas unos minutos.[9]

El 1 de noviembre de 2023 el foro primario denegó la moción informativa del demandado y señaló que se le anotó la Rebeldía.[10]

Tras ello, el 2 de noviembre de 2023, dictó Sentencia para declarar *Ha Lugar* la Demanda de Cobro de Dinero incoada contra el Marrero Sánchez y le impuso el pago de $11,250.00, más intereses, costas y honorarios de abogado.

El 7 de noviembre de 2023, Marrero Sánchez, por derecho propio, presentó una *Moción Solicitando Cese y Desista de la Resolución y Cierre del Caso*.

El 9 de noviembre de 2023, el foro primario consideró el escrito como una Reconsideración y la denegó.

Meses después, el 11 de junio de 2024, Billenium presentó una *Moción Solicitando Ejecución de Sentencia*. Identificó ciertos bienes del demandado, entre ellos, unas cuentas en el Banco Popular, Oriental Bank y/o First Bank y **el bien inmueble residencial sito en la Calle Azucena Parcela 113 Barrio**

---

[8] Apéndice págs. 55-56.
[9] Íd.
[10] Apéndice págs. 58-59.

**Ingenio en Toa Alta**.   El 17 de junio de 2024, notificada el 21, el Tribunal expidió la *Orden Sobre Ejecución de Sentencia* y Mandamiento.

En respuesta, el 24 de junio de 2024, la Sociedad de Gananciales, compuesta por Norman Marrero Sánchez y su esposa Dorca Figueroa Albarrán, presentaron una *Urgente Moción en Solicitud de Improcedencia de Ejecución de Sentencia y Nulidad de Sentencia por Falta de Parte Indispensable*.   En síntesis, alegaron que Marrero Sánchez y Dorca Figueroa Albarrán estaban casados desde el 20 de marzo de 1994, por lo que, se debió incluir en la demanda a la esposa y a la Sociedad de Gananciales.   Sostuvieron que esta omisión anuló la sentencia. Junto al escrito, incluyeron el certificado de matrimonio.[11]

El 11 de julio de 2024, Billenium presentó una *Moción en Oposición y en Cumplimiento de Orden.*   En síntesis, indicó que la actividad que causó el incumplimiento fue exclusiva del señor Marrero Sánchez y que la obligación es una responsabilidad privativa.   Que, en todo caso, la Sociedad de Gananciales tendría un crédito.   Indicaron que la Sociedad de Gananciales no se benefició del incumplimiento de uno de sus cónyuges.[12]

Al día siguiente, el foro primario declaró *No Ha Lugar* el relevo de sentencia.[13]

En desacuerdo, Marrero Sánchez incoó el recurso que atendemos, en el que arguyó que incidió el foro primario:

> PRIMERO:  Al no decretar la improcedencia de un embargo contra bienes pertenecientes a la sociedad legal de gananciales en un caso radicado y tramitado ignorando la existencia del matrimonio.
>
> SEGUNDO:  Al no resolver la nulidad de la sentencia por falta de parte indispensable, siendo la parte indispensable

---

[11] Apéndice págs. 83-88.
[12] Apéndice págs. 90-99.
[13] Apéndice pág. 100.

la sociedad legal de gananciales compuesta por Norman y su esposa Dorca Figueroa Albarrán sobre quienes nunca se adquirió jurisdicción.

Perfeccionado el recurso, disponemos.

**II.**

**A.**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es el mecanismo procesal que le permite al foro primario relevar a una parte de una sentencia cuando esté presente alguno de los fundamentos enumerados en referida regla. Pérez Ríos Et al v. CPE, 2023 TSPR 136, 2013 DPR ___ (2023), SLG Rivera-Pérez v. SLG Díaz-Doe, 207 DPR 636, 656-657 (2021).

Específicamente, la precitada Regla dispone que, mediante una moción a esos efectos, el tribunal podrá relevar a una parte de una sentencia cuando, por ejemplo, haya mediado error, inadvertencia, sorpresa o negligencia excusable; la sentencia sea nula; o exista cualquier razón que justifique la concesión de un remedio contra la sentencia. SLG Rivera-Pérez v. SLG Díaz-Doe, *supra,* pág. 657; HRS Erase v. CMT, 205 DPR 689, 697 (2020).

Como norma general, las mociones de relevo de sentencia deben presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia. No obstante, tales normas ceden cuando se trata de una sentencia que adolece de nulidad. HRS Erase v. CMT, *supra,* pág. 698*;* Rivera v. Algarín, 159 DPR 482, 490 (2003). Es decir, cuando una sentencia es nula y se solicita el relevo de la sentencia mediante el mecanismo provisto por la Regla 49.2, supra, resulta mandatorio declarar su inexistencia jurídica. Pérez Ríos et al. v. CPE, *supra*. García Colón Et al v. Sucn. González, 178 DPR 527, 544 (2010).

Una sentencia se considera nula cuando se ha dictado sin jurisdicción o en violación del debido proceso de ley. SLG Rivera-Pérez v. SLG Díaz-Doe, *supra,* pág. 657; HRS Erase v. CMT, *supra*; García Colón v. Sucn. González, 178 DPR 527, 543 (2010); E.L.A v. Tribunal Superior, 86 DPR 692, 697-698 (1962). La nulidad de una sentencia por una violación al debido proceso de ley puede materializarse de distintas maneras. HRS Erase v. CMT, *supra*, pág. 699.

Así, por ejemplo, se ha resuelto que la ausencia de una parte indispensable es una violación al debido proceso de ley que conlleva obligatoriamente el relevo de la sentencia. HRS Erase v. CMT, *supra;* García Colón et al. v. Sucn. González, *supra*, pág. 551; López García v. López García, 200 DPR 50, 67 (2018).

**B.**

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, dispone que la parte indispensable se trata de "personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda".

Es decir, sin la presencia de una parte indispensable las cuestiones litigiosas no pueden adjudicarse correctamente, ya que sus derechos quedarían afectados. López García v. López García, *supra*, pág. 63.

El requisito de incluir a todas las partes indispensables responde a dos principios básicos: (1) la protección constitucional que impide que una persona sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el dictamen judicial que en su día se emita sea uno completo. Pérez Ríos et al. v. CPE, *supra*; RPR & BJJ Ex Parte, 207 DPR 389, 407 (2021); Cepeda Torres v. García Ortiz, 132 DPR 698, 704 (1993).

La importancia de acumular a una parte gravita en que, "en ausencia de parte indispensable el tribunal carece de jurisdicción sobre la persona." García Colón *et al.* v. Sucn. González, *supra,* pág. 548. Por tal razón, la sentencia que se emita en ausencia de parte indispensable es nula. Pérez Ríos et al. v. CPE*, supra;* García Colón et al. v. Sucn. González*, supra,* pág. 550. Por eso, si la parte es indispensable, tiene que ser traída al pleito por la parte demandante porque la omisión de así hacerlo constituye una violación del debido proceso de ley. García Colón et al. v. Sucn. González*, supra.*

Asimismo, el Tribunal Supremo ha afirmado que,

La falta de parte indispensable es un planteamiento tan vital, que se puede presentar en cualquier momento, incluyendo presentarlo por primera vez en apelación; el tribunal también puede levantarlo motu proprio debido a que, en ausencia de parte indispensable, el tribunal carece de jurisdicción. Pérez Ríos et al. v. CPE, *supra;* RPR & BJJ Ex Parte, *supra*, pág. 407. García Colón v. Sucn. González, *supra*, pág. 550.

## C.

Por su naturaleza, la Sociedad Legal de Bienes Gananciales es una entidad con personalidad jurídica propia y separada de los dos miembros que la componen. Torres Zayas v. Montano Gómez, 199 DPR 458, 466 (2017)[14].

El Artículo 507 del Código Civil de 2020, indica que, "en el régimen de la sociedad de gananciales, ambos cónyuges son los titulares de los bienes comunes en igualdad de derechos y obligaciones." 31 LPRA sec. 6951.

El Artículo 513 del Código Civil indica que son bienes gananciales: (a) los adquiridos a título oneroso y a costa del caudal común, bien se haga la adquisición para la sociedad conyugal, para el disfrute y provecho de los miembros de la

---

[14] El nuevo Código Civil de 2020 ahora le llama Sociedad de Gananciales, Art. 507, *infra*.

familia o para uno solo de los cónyuges; (b) los obtenidos por el trabajo o la industria de cualquiera de los cónyuges. […] 31 LPRA sec. 6965.   El Artículo 514 del Código Civil reconoce otros bienes gananciales. 31 LPRA sec. 6966.

Se presumen gananciales los bienes del matrimonio mientras no se pruebe que pertenecen privativamente a cualquiera de los cónyuges. Artículo 519 del Código Civil, 31 LPRA sec. 6971.

En cuanto a las cargas de la Sociedad de Gananciales, el Artículo 520 del Código Civil indica como sigue:

> Son responsabilidad primaria de la sociedad de gananciales las cargas y gastos que se originen por alguna de las siguientes causas:
>
> […]
>
> (f) **las deudas y las obligaciones contraídas durante la vigencia de la sociedad por cualquiera de los cónyuges**.

31 LPRA sec. 6981

Sobre la responsabilidad de la sociedad de gananciales por actos individuales de los cónyuges, el Artículo 521 del Código Civil, provee como sigue:

> Los bienes comunes y gananciales responden de las deudas contraídas por un cónyuge:
>
> (a) en el ejercicio de las facultades que por la ley o por las capitulaciones le corresponden respecto a la gestión, la administración y la disposición de dichos bienes en el ejercicio ordinario de la profesión, el arte o el oficio; y
>
> (b) en la administración ordinaria y de buena fe de los bienes e intereses propios.
>
> Se presume en estos casos que el cónyuge actúa con el consentimiento del otro, mientras no se pruebe lo contrario.

31 LPRA sec. 6982.

En diversas situaciones el Tribunal Supremo ha exigido la acumulación de una parte indispensable.   En el caso de la Sociedad de Gananciales ha sostenido la necesidad de la inclusión de ambos cónyuges como parte indispensable, "en acciones que

afecten el patrimonio de la Sociedad de Gananciales obviando el riesgo de nulidad, ante la posibilidad de que la defensa del interés social por uno sólo no se ejercite con la debida eficiencia, o la existencia de incompatibilidad entre los cónyuges respecto a la defensa de su interés dentro de una sociedad que ambos gobiernan con igual autoridad". Rodríguez Rodríguez v. Moreno Rodríguez, 135 DPR 623, 628 (1994); citando a Alicea Álvarez v. Valle Bello, 111 DPR 847, 852 (1982). Es mejor práctica emplazar a ambos. Rodríguez Rodríguez v. Moreno Rodríguez, *supra.*

Así pues, cuando se demanda a una persona casada bajo el régimen de sociedad de gananciales y se pretende repetir contra la sociedad, hay que traer al pleito a la sociedad como parte indispensable.   R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 171.  Para reclamar una deuda de carácter ganancial, debe el acreedor dirigirse contra los bienes gananciales, esto es, demandar a la sociedad. J. Puig Brutau, Fundamentos de Derecho Civil, Barcelona, Ed. Bosch, 1967, T. IV, Vol. I, págs. 689-734, citado en Pauneto v. Núñez, 115 DPR 591, 595 (1984).

### III.

El peticionario alega, en síntesis, que la sociedad de gananciales integrada por los esposos Norman y Dorca Figueroa Albarrán tienen un interés común sin cuya presencia no puede adjudicarse la controversia.  Indica que los demandantes debieron acumularlos como parte del pleito para evitar la nulidad de la sentencia.

El recurrido, por su parte, aludió a la opinión del Tribunal Supremo, en Torres Zayas v. Montano Gómez, 199 DPR 458 (2017), para aseverar que la falta de emplazamiento al cónyuge o a la sociedad de gananciales en una acción de cobro, no acarrea

la nulidad de una sentencia en contra del cónyuge que fue demandado y emplazado. Sostuvo que no era necesario incluir a la sociedad de bienes gananciales ni a la esposa del señor Marrero Sánchez. Que la sociedad de gananciales no se benefició del incumplimiento del señor Marrero Sánchez y que la obligación de este era privativa. Planteó que del recurrente no tener activos para satisfacer la sentencia, la sociedad de gananciales podría obrar en carácter supletorio. Destacó que el recurrente contaba con seis (6) meses, o hasta el 9 de mayo de 2024, para solicitar el remedio de relevo contra la sentencia.

Evaluamos.

El recurrido Billenium interpuso una demanda sobre cobro de dinero contra el señor Marrero Sánchez. Reclamó $11,200.00 de penalidad porque Marrero Sánchez no canceló en siete (7) días, un contrato que suscribieron ambas partes el 12 de abril de 2023. El aludido acuerdo era para la instalación de un sistema fotovoltaico y/o baterías de reserva de energía en la residencia ubicada en la Parcela 113 del Barrio Ingenio de Toa Baja. En el contrato, se identificó al señor Marrero Sánchez como la "segunda parte", dueño de la propiedad. Se estipuló que la persona a cargo de la factura de electricidad era "Dorca Figueroa Albarrán."

El 2 de noviembre de 2023, el foro primario dictó sentencia en rebeldía contra el señor Marrero Sánchez. Luego de varios asuntos procesales, el 11 de junio de 2024, Billenium solicitó la ej*ecución de la Sentencia.* Para este trámite, identificó ciertos bienes del demandado, entre ellos, unas cuentas en el Banco Popular, Oriental Bank y/o First Bank y el bien inmueble residencial de la Calle Azucena Parcela 113 Barrio Ingenio en Toa Alta.

En respuesta, el 24 de junio de 2024 la Sociedad de Gananciales compuesta por Norman Marrero Sánchez y su esposa

Dorca Figueroa Albarrán, presentaron una *Solicitud de Nulidad de Sentencia por Falta de Parte Indispensable,* pues entendían que se les debió incluir en la demanda*.* Incluyeron como apéndice el certificado del matrimonio celebrado el 20 de marzo de 1994. El foro primario denegó la solicitud de relevo de sentencia.

Conforme los hechos que informa esta causa, vemos que se le acreditó al foro primario, que, a la fecha de la firma del contrato cuya penalidad se reclamó, el señor Marrero Sánchez estaba casado con Dorca Figueroa. Tal aseveración nos lleva a concluir que la obligación que el señor Marrero Sánchez gestionó era de naturaleza ganancial, por disposición expresa del Artículo 520 (f) del Código Civil, *supra*. Este precisa que las deudas y las **obligaciones** contraídas durante la vigencia de la sociedad, por cualquiera de los cónyuges, **son responsabilidad de la sociedad de gananciales**.

De manera que, al tratarse de una obligación incurrida por uno solo de los cónyuges, se entiende que se trata de una obligación ganancial. Por lo cual, la sociedad de gananciales y sus componentes deben formar parte de la demanda por ser partes indispensables. Esta es la única forma en que se le podrá garantizar su derecho a ser oída y a defenderse. También permite que el dictamen judicial que en su día se emita sea uno completo.[15]

Para salvaguardar estos preceptos, era imprescindible que Billenium incluyera a la Sociedad de Gananciales en la demanda de cobro de dinero, aun cuando el contrato lo firmó únicamente el señor Marrero Sánchez. Ello es así, pues los efectos legales de ese dictamen comprometen y alcanzan a los bienes de la Sociedad de Gananciales. Para el cobro de la deuda, razonablemente podemos inferir que, será necesario repetir contra bienes de la

---

[15] Pérez Ríos et al. v. CPE*, supra.*

Sociedad de Gananciales. Tanto es así que, para la ejecución de la sentencia, Billenium aludió a ciertas cuentas bancarias y a la propiedad residencial mencionada en el contrato, las cuales se presumen gananciales.

Como vemos, las eventuales órdenes para el aseguramiento de la sentencia afectarán a dicha entidad jurídica y trastoca los bienes gananciales. Esto afirma que los intereses de la parte no incluida podrían quedar inevitablemente afectados a tal magnitud de que no puede dictarse un decreto final sin lesionar sus intereses.

Ante ello, el haber omitido a la sociedad de gananciales en el pleito original, quien es parte indispensable, contraviene las exigencias mínimas del debido proceso de ley. Esta realidad, torna en inoperante y nula la sentencia que emitió el foro primario.

Como la sentencia es nula por falta de parte indispensable, el peticionario señor Marrero Sánchez estaba facultado para presentar su solicitud de nulidad de sentencia en cualquier momento, incluso, por primera vez ante este foro intermedio.

Por último, debemos expresarnos en cuanto al caso de Torres Zayas v. Montano Gómez, 199 DPR 458 (2017), al cual alude el recurrido. Adelantamos que el caso de *Torres Zayas* no es incompatible a nuestra decisión. Explicamos.

En *Torres Zayas*, los demandantes Torres-Del Valle presentaron una acción en cobro de dinero en contra del señor Jesús M. Montano Gómez, su esposa, **"Fulana de Tal", y la Sociedad Legal de Bienes Gananciales [ahora Sociedad de Gananciales] compuesta por ambos**. En ésta, la parte demandante alegó haber suscrito un contrato **con el señor Montano Gómez** sobre cierta transacción de compraventa de bienes **muebles** y reclamaron una deuda sobre esa transacción.

Torres-Del Valle emplazó al señor Montano Gómez. No obstante, **nunca solicitaron que se expidiera un emplazamiento dirigido a la esposa del señor Montano Gómez, ni a la Sociedad de Gananciales compuesta por ambos, ello a pesar de que éstos también habían sido demandados**. El Tribunal de Primera Instancia declaró "con lugar" *la demanda.* La referida Sentencia advino final y firme.

En la etapa de ejecución de sentencia, la señora Valea Mier, esposa de Montano Gómez, solicitó que se decretara nula la sentencia toda vez que ella nunca fue emplazada.

Los demandantes, por su parte, alegaron que el pleito pudo haberse presentado sin incluir a la señora Valea Mier, **por esta no ser parte indispensable**. Por ello, sostuvieron la validez de la sentencia emitida en contra del señor Montano Gómez.

Luego de que el Tribunal de Apelaciones confirmara la sentencia del Tribunal de Instancia, la señora Valea Mier acudió al Tribunal Supremo. Allí planteó que la Sentencia debía ser nula porque no fue emplazada ni la Sociedad de Gananciales.

Trabada la controversia, el foro Supremo consideró que la señora Valea Mier y la Sociedad de Gananciales fue incluida como parte demandada, pero el tribunal no expidió los emplazamientos a nombre de esta ni de la Sociedad de Gananciales. También evaluó que el Tribunal de Primera Instancia emitió una Sentencia en la que declaró "con lugar" la demanda incoada por el matrimonio Torres-Del Valle y, en su consecuencia, ordenó "a la parte demandada" —entiéndase el señor Montano Gómez, su esposa identificada como "Fulana de Tal" y la Sociedad Legal de Gananciales [Sociedad de Gananciales] compuesta por ambos—a satisfacer la cuantía reclamada en concepto de principal adeudado.

Allí el Foro Supremo reiteró que la Sociedad de Gananciales es una entidad jurídica separada e independiente de los cónyuges que la componen. Asimismo, expresó que la masa de bienes gananciales es separada y distinta de aquella que le pertenece a cada uno de sus dos miembros en capacidad individual.[16] Tras ello, concluyó que cuando se intente demandar a una Sociedad Legal de Bienes Gananciales, ésta debe ser emplazada a través de ambos cónyuges.[17]

En consecuencia, concluyó el Tribunal Supremo que el foro recurrido nunca tuvo ni ejerció jurisdicción sobre la señora Valea Mier ni la Sociedad Legal de Bienes Gananciales que ella integra, por lo cual toda actuación y adjudicación efectuada en torno a ambas fue nula.

Tras ello, el Tribunal Supremo declaró **nula** la Sentencia del Tribunal de Primera Instancia en cuanto a lo dictado en contra de la señora Miriam Valea Mier y la Sociedad Legal de Bienes Gananciales a la que ésta pertenece y devolvió la acción al TPI para que continuara con los procedimientos de rigor.

Justipreciamos que el aludido caso, el cual fue emitido bajo el anterior Código Civil de 1930, no contraviene nuestra determinación.

Primeramente, en el caso de *Zayas Gómez* el contrato objeto del cobro lo firmó el señor Montano Gómez **de forma individual**, lo que se asemeja al caso ante nuestra consideración. Aun así, el Tribunal Supremo **no expresó** que la señora Valea Mier y la Sociedad de Gananciales **no eran parte indispensable** en el pleito. Por tanto, no podemos inferir que en nuestro caso la sociedad de gananciales no sea parte indispensable.

---

[16] Torres Zayas v. Montano Gómez, supra, págs. 472-473.
[17] Íd, pág. 473.

Segundo, a pesar de que en *Torres Zayas* la obligación la suscribió el señor Montano Gómez, los demandantes sí incluyeron en la demanda a la esposa de este y a la sociedad de gananciales. Esto nos confirma que esa es la práctica correcta y adecuada. En nuestro caso, Billenium no incluyó a la esposa de Marrero Sánchez ni a la Sociedad de Gananciales como partes demandadas. Esta particularidad de no incluirlas, entendemos que anula todo el procedimiento.

Como antes indicamos, se trata de una obligación en la que incurrió una persona casada, por lo que se entiende es de naturaleza ganancial, según lo preceptúa el Artículo 540 del Código Civil, *supra*. Al momento de requerirse el cobro de esa obligación, era necesaria la inclusión de la sociedad de gananciales y sus componentes. En otras palabras, si Billenium pretendía que la Sociedad de Gananciales respondiera por la obligación asumida por el Sr. Marrero Sánchez, debió incluirla como parte del pleito. Esta omisión, anuló la sentencia.

Claro está, con lo aquí resuelto no estamos emitiendo juicio sobre la validez del contrato objeto de esta acción.

**IV.**

Por las razones que anteceden, *Expedimos* el recurso, conforme la facultad que nos concede la Regla 40 (E) y (G) de nuestro Reglamento[18] y *Revocamos* la determinación recurrida. En su consecuencia, decretamos que la *Sentencia* emitida es nula por falta de parte indispensable.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[18] 4 LPRA Ap. XXII-B.